STATE ex rel. J. C. L. HARRIS, Solicitor, v. C. B. HARRISON and others.

During the pendency of an action against a guardian and the sureties on his bond, by his ward, for an account and settlement, and while the same is under reference, and before the report of the referee is complete and finally acted on, and before any of the ward's estate is in possession of the Court, the Superior Court has no power to order the guardian and his sureties to pay a certain sum into Court for the ward's maintenance and support *pendente lite*, and a further sum for her attorney.

If it is made to appear to the Court, pending the action, that a fund belong-ing to the ward is in possession of the guardian removed, the Judge may by process of contempt, compel its payment into Court, where it will be subject to such orders and disposition as the necessities of the ward may require. But until it is so paid into Court, it is not subject to the pro-tection and control of the Court.

In order to obtain an allowance for maintenance, it must be shown that there is a present income belonging absolutely to the infant, and that the allowance will be for his benefit.

(The case of *Daniel* v. *Owen*, 72 N. C. Rep., 340, cited and approved.)

MOTION in a cause already instituted, heard by WATTS, J., at Spring Term, 1876, of the Superior Court of WAKE County.

The real plaintiff, Lee A. Jeffreys, a minor, brought this action against her guardian and the sureties on his bond,

STATE *ex rel.* HARRIS, Solicitor, *v.* HARRISON and others.

to Fall Term, 1875, for an account and settlement. After complaint and answer, it was referred to T. M. Argo, Esq., to state an account, and before he made a final report, and before any of the exceptions taken to the report were disposed of, a motion was made after due notice, in behalf of said ward, that the guardian and his sureties be ordered to pay a certain sum into court for the ward's support and maintenance *pendente lite,* and a further sum for the use of her attorney.

The power of the court to allow this motion is the only point argued in this Court, and all the facts relating thereto are sufficiently stated in the opinion of Justice BYNUM.

On the hearing in the Court below, the Judge granted the motion, and the defendants appealed.

*Haywood* and *Busbee & Busbee,* for appellants.
*Fowle,* contra.

BYNUM, J. Whenever any guardian is removed and no person is appointed to succeed in the guardianship, the Judge of Probate shall certify the name of such guardian, and his sureties, to the Solicitor of the Judicial District, who shall forthwith institute an action on the bond of the guardian, in the Superior Court, for securing the estate of the ward. The Judge before whom the action is brought shall have power to appoint a receiver, until a guardian is appointed, to take possession of the ward's estate, to collect all moneys due to him, to secure, loan, invest or apply the same for the benefit and advantage of the ward, subject to such rules and orders as the Judge may from time to time make in regard thereto. Bat. Rev., chap. CIII, secs. 21, 22. Under this statute the action is brought; and, pending the action, and while it is under reference to take an account—and before the account is completed and finally acted on, so as to see whether anything, and, if anything, what, may

be due and owing to the ward—a motion is made by the plaintiff, and upon it an order is made by the Court, that the sureties in the guardian bond shall within five days pay into court $300 for the present maintenance of the ward, and also $300 for the use of her counsel; and that if these sums are not so paid that execution shall issue therefor.

The defendants in their answer deny any liability on their bond, or that they are in any way indebted to the ward. The reference is still pending, and there has been no final adjudication ascertaining any such indebtedness. Has the Court jurisdiction to make such an order?

Under the statute before cited it is apparent that the fund, whether consisting of money or securities, must first be reduced into the possession of the Court or the receiver before it can be made the subject either of investment or application to the wants of the ward *pendente lite*. As soon as another person is appointed guardian in place of the one removed, the duty of making orders for the maintenance or education of the ward is remitted again to the appropriate jurisdiction of the Court of Probate. Bat. Rev., chap. CIII, sec. 20, sub-sec. 4.

If it is made to appear to the Court, pending this action, that a fund belonging to the ward is in possession of the guardian removed, the Judge may, by process of contempt, compel its payment into Court, where it will be subject to such orders and disposition as the necessities of the ward may require. But until it is so paid into Court it is not subject to the protection and control of the Court. "In order," says Adams, "to obtain an allowance for maintenance, it must be shown that there is a present income, belonging absolutely to the infant, and that the allowance will be for his benefit." Eq. 287. Such and such only is the jurisdiction and power of the Chancellor under the old equity system, in all cases where there is the relation of trustee and *cestui que trust*, and the fund is, in the contemplation

STATE *ex rel.* HARRIS, Solicitor, *v.* HARRISON and others.

of a Court of Equity, the property of the plaintiff. *Daniel* v. *Owen*, 72 N. C. Rep., 340. The statute confers no greater powers upon the Court.

The action here is instituted against the guardian and his sureties for the possession of the estate of the ward. The defendants deny any liability and any indebtedness, and a reference is made to take the account, and pending that reference and before a final adjudication ascertaining whether there is any, and if any, what indebtedness, this motion and order are made against the sureties for the payment by them of $300 to meet the pressing necessities of the ward, and $300 for her attorney.

We are not referred to any precedent or authority for such an order, and we have been unable to find any. It would be as reasonable to ask and make such an order upon the sureties, in an action upon an administration bond, in behalf of infant distributees, before it is ascertained that there is a breach or that anything is due them.

It is unnecessary to decide whether the order in this case is a judgment upon which an execution can be issued, or the disobedience to which can be punished by process of contempt. The Court had no power to make the order. There is error.

Judgment reversed, and cause remanded to be further proceeded with according to law.

PER CURIAM.                           Judgment reversed.