Pearson, C. J.
 

 The statement of the case now sent does not set out how the remainder of the price of the pork was to be paid. This, we presume, was through inadvertence, as the variance was not referred to on the argument, and in the case when before us, 2 Jones’ Bep. 454, it is stated as a fact
 
 undisputed.,
 
 that the balance of the price, if any, was to be paid “ one half in goods, the other cash,” and when before us, 4 Jones’ Bep. 519, the fact that the remainder of the price was to be paid “one half in goods, the other half- in cash,” is set out “as
 
 admittedly the parties.”
 
 In all other respects, there is no substantial difference in the proof, and, we must account for the error into which his Honor has fallen, by supposing he did not rightly apprehend the principle of the two former decisions.
 

 The principle has been acted upon in two recent cases,
 
 Johnson
 
 v.
 
 Dunn,
 
 6 Jones’ Rep. 122;
 
 Lane
 
 v.
 
 Phillips,
 
 Ibid 456; and a majority of this Court can see no reason
 
 to
 
 change their opinion. Indeed, the principle is settled by numerous cases, and the only one which looks the other way, is
 
 Carter
 
 v.
 
 McNeely, 1
 
 Ired. Rep. 448; and it is put upon the ground of being excepted from the application of the principle by its peculiar circumstances.
 

 The principle is this, where a contract is
 
 entine,
 
 and not made divisible by its terms, one of the parties cannot take advantage of his own default, either from
 
 laches
 
 or from a wilful refusal to perform his part, for the purpose of putting
 
 *293
 
 the contract out of his way, so as to enable him to maintain assumpsit, on the common counts, and thereby evade the rule: that while the special contract is in force, general assumpsit will not lie, and the contract is considered to remain in force until it is recinded by mutual consent, or until the opposite party does some act
 
 inconsistent with the éut/y imposed upon him by the
 
 contract, which amounts to an abandonment This is as plain as we can find language in which to state the principle.
 

 What amounts to an abandonment is a question of law, and his Honor erred in not deciding it. He also erred in leaving the jury in a situation liable to be misled, in consequence of the indefinite words in which his instructions were given.— “It was for the jury to say whether there had been a
 
 change
 
 or not.” What kind of a change? To what extent? In what particulars? In whose favor was the change allowed as an indulgence?
 

 The instruction ought to have been, that the plaintiff was not at liberty to treat the contract as annulled, and could not recover on the common counts, unless the defendants had abandoned the contract, and that to amount to an abandonment, they must have done some act which was inconsistent with the duty imposed on them by the contract, and there was no evidence of any such act.
 

 For the sake of illustration: If the contract had been that the remainder of the price of the pork
 
 was to be paid in easily
 
 and the defendants had refused to pay the remainder in cash, insisting upon paying half in goods, that would have been au act inconsistent with the duty imposed on them by the contract, and would have amounted to an abandonment; but there was no evidence that such was the contract. The plaintiff, in the last interview, said “he would deliver the balance of the pork the next day, and then see if the defendants would
 
 ■notpay him:”
 
 does this mean pay all of the remainder of the price
 
 in cash?
 
 if so, that seems to be the kink in this little -case, where the cost 1ms already far exceeded the sum in controversy, and “ the play has not been worth the candle.”—
 
 *294
 
 Thus, furnishing another instance of the fact that, small cases are more apt to become complicated than large ones; a skein of silk is more easily tangled than a coil af rope.
 

 On the argument,
 
 Mr. JBoyden
 
 insisted with great earnestness, that the delivery of two hundred and seventy-one pounds of pork about the middle of January, and the endorsement of the amount, as a credit on one of the notes,
 
 was a payment
 
 / There can be no doubt of it; and, it is exactly what the jrlaintiff ought to have done, save only that he ought to have delivered the whole, and ought to have done so S0oner, to wit, on the day fixed by the contract. '
 

 The defendants might have refused to receive this parcel after the day, and sued for breach of contract; surely they were at libery to indulge the plaintiff by not insisting rigidly upon a strict performance on his part, and such indulgence gave him no cause of complaint; after this, the defendants could have sued for a breach of contract in not delivering the balance of the pork within reasonable time. The same remarks are applicable to the delivery of the several parcels; so, the defendants had a good cause of action for the non-delivery of the balance; and, it would be strange, if the plaintiff also can maintain an action treating the contract as nullified ; in other words, taking advantage of his own wrong, and making the indulgence extended to him a ground of complaint! The policy of the law is to require parties to perform their contracts in good faith, and this policy should not be defeated by yielding to what may be called a “hard case.” If one agrees to sell a horse at the price of $150.00, the money to be paid at ninety days, and the horse to be delivered when paid for, the vendee fails to pay at the day; afterwards, he offers to pay $50.00, which is received in part payment, afterwards he pays $50.00 more, and then refuses to pay the balance, he cannot get the horse, nor can he recover back the money, for it was not “received to his use,” but in part payment for the horse. Is it hard that he should loose his money ? and-is if not right that he should bo required to perform his contract,
 
 *295
 
 and not be allowed to evade it because he may think it a bad bargain ?
 

 One agrees to act as an overseer for one year at $250.00; in the middle of the year he does an act which justifies his discharge, he cannot recover the $250.00, nor can he recoveryw
 
 ■rata
 
 wages;
 
 Lane
 
 v.
 
 Phillips, sivpra.
 
 If this be not law, the whole current of the cases must be changed.
 

 Per Curiam,
 

 (Manly, J.,
 
 dissentients.)
 
 Judgment reversed and a
 
 venire de novo.