JAMES B. DANIEL v. THOMAS M. OWEN.

A Superior Court has no power, under sec. 1, chap. 22, Bat. Rev. to order a defendant to pay into Court on a day certain, the amount of a *debt* due on a judgment, and in default thereof, to attach such defendant for contempt of Court.

The Courts still have power, where the relation of trustee and *cestuy que trust* exists, to order a fund held in trust to be paid into Court, *to the end,* that the fund should be put under the protection of the Court. Such an order is a lawful order within the meaning of the statute, and may be enforced by attachment for contempt.

APPLICATION for an INJUCTION, tried before *Kerr, J.,* at Fall Term, 1874. ORANGE Superior Court.

The defendant moved for an order of injunction to restrain the plaintiff from collecting the amount due on execution, on account of an alleged error in entering judgment for an excessive amount. A restraining order had been issued on the affidavit of defendant until the hearing.

The defendant also moved to set aside the judgment on account of a breach of agreement on the part of the plaintiff, and accident, mistake and excusable neglect on the part of the defendant.

The defendant produced the affidavit on which the restrain-

iug order had been granted, and another made before the Clerk of Orange Court. He also produced the original papers in the action, on which the judgment was rendered.

Plaintiff on his part produced the execution and endorsement thereon, and offered his own affidavit and that of his attorney, William A. Graham, and a letter from the latter to R. M. Stafford, sheriff of Guilford county, admitting error by inadvertence of the Clerk in issuing execution for too great an amount of interest, and directing that only the true amount due on the judgment should be collected.

The Court found the fact to be as stated in the affidavit of the plaintiff and that of his attorney, and overruled both motions of the defendant and dissolved the restraining order with costs.

On motion by the plaintiff, his Honor adjudged that unless the defendant should pay the amount of the judgment and cost, and the cost of the proceedings of that term, before the end of the term, he should be attached for a contempt of Court. The defendant excepted.

*Tourgee* and *Gregory*, *Shipp & Bailey* and *Strayhorn*, for appellant.

*W. A. Graham*, contra.

PEARSON, C. J. The plaintiff obtained judgment by default against the defendant *for a debt*, sued out execution and had it levied on land. The defendant obtained a restraining order on the ground of a variance between the judgment and the execution. The restraining order was discharged upon the plaintiff's agreeing to correct the execution by making it conform to the judgment. Thereupon the defendant, on affidavit, moved to vacate the judgment on the ground of inadvertence, &c., under section 133, C. C. P. This motion was not allowed. Thereupon the plaintiff moved that the defendant be ordered to pay the amount of the judgment into Court, and on his failure, that an attachment issue for contempt in pursuance to

the statute " Concerning Contempt," Battle's Revisal, chap. 24, sec. 1, sub-division 4, " Wilful disobedience of any process or order lawfully issued by any Court."

His Honor allowed the motion and it was ordered that " the defendant pay into the office of this Court the whole amount due on the judgment aforesaid, (the execution being corrected thereby,) before the expiration of the present term of the Court," &c., and in case of his failure to make such payment, the Clerk shall issue a writ of attachment commanding the sheriff to take the body of the defendant and keep him in close custody until he shall pay the amount due on the judgment and all costs, to-wit, &c.

The question is, had his Honor power to make the order requiring the defendant to pay the amount of the judgment into Court ? We declare our opinion to be, that this order is void and of no legal effect, and is not a " lawful order," because of a want of power in the Court to make it.

Under the old equity system, the Chancellor had power to order one who held the legal title in trust for another, to execute a deed. So he had power to order a defendant who held a fund in trust, whether it consisted of bonds or of money, to pay " the fund " into Court, to the end that the fund should be put under the protection of the Court. This power, the Court still has under the new system in all cases where there is the relation of trustee and *cestue que trust*, and the land or the fund is, in contemplation of a Court of Equity, *the property* of the plaintiff in an action brought to enforce the equity, and an order made for the execution of a deed or the payment of the fund into Court, is a lawful order within the meaning of the statute above cited.

In our case, there is no relation of trustee and *cestue que trust*, no fund in the hands of the defendant to which the plaintiff has an equitable title, but the relation is that simply of a creditor who has obtained judgment against his debtor, and thereby merged the original debt, into a higher security. But there is *no fund* to which he is entitled and for the protection

of which he can invoke the aid of the Court, the relation is merely that of "*creditor* and *debtor*."

The plaintiff can enforce payment of his judgment by a writ of "*fi, fa*," and under the old system by a writ of *ca, sa,* under the new system (by which imprisonment for debt is abolished) by supplemental proceedings, to reach causes in action and other intangible interests. If the Court has power in the case of *creditor and debtor*, when there is judgment to order the defendant to pay the amount of the judgment, into Court by a day certain under pain of going to jail "without bail or maniprise" until he complies with the order, the condition of debtor will be worse than it was before the abolishment of imprisonment for debt, for whereas before he was allowed to give bond for his appearance, and to "swear out" or else to have the benefit of "the prison bounds," now under an order like that we are considering, he must go to jail and remain in close custody *until he pays the debt!*

Such is not the law. It has no principle of reason to rest on, and no authority can be found in all the books of reported cases to support it. There is not even a *dictum* in any of the books, tending to give it countenance.

We would have been at a loss to imagine, how the idea, that the Court has any such power ever suggested itself, but for the fact that it appears by the record, that after execution issued upon the judgment and was levied on the land of the defendant, he obtained a restraining order upon what his Honor finds to have been a "frivolous pretext" because of a slight error in the execution which the plaintiffs counsel was willing to have corrected, and when an injunction was refused, he added to his enormity, a motion to vacate the judgment on affidavit as to excusable neglect, or inadvertence in failing to put in an answer to the complaint which motion his Honor likewise refused, holding the affidavit to be insufficient. Thereupon his Honor made the order to pay the amount of the judgment into Court, &c. It has heretofore been considered, that the offence of making "a sham defence," was amply dis-

couraged by allowing the plaintiff to take judgment by default, and the offence of obtaining a restraining order was amply discouraged by setting aside the order, at the cost of the defendant, and the offence of moving on affidavit to vacate a judgment on the ground of inadvertence, &c., was amply discouraged by refusing the motion and requiring the defendant to pay costs. Superadded to the fact, that if there be any false swearing in the premises, the party is liable to indictment for perjury. How " a sham defence " is a " frivolous pretext " for a restraining order, or a motion to vacate a judgment, on an affidavit held to be insufficient, can confer upon a Judge the power to order the defendant to pay the amount of the judgment into Court, by a day certain on pain of being sent to jail and kept closely confined until the judgment is satisfied, is beyond our power of comprehension.

There is error. Judgment below reversed, at the cost of plaintiff. This will be certified.

PER CURIAM.                                    Judgment reversed.