MEYERL *v.* MEYERL.

HUSBAND AND WIFE—SEPARATE MAINTENANCE—CONTRACT—EQUITY
JURISDICTION—DEMURRER.

> Where a husband and wife entered into a written contract whereby it was agreed that they should live apart, and that the husband should make specified weekly payments to the wife for her support, in which payments the husband, after separation, willfully defaulted, a bill filed by the wife under 3 Comp. Laws 1897, § 8686, for separate maintenance, was not demurrable on the ground that complainant, by entering into the contract, waived her right to resort to equity in the event of defendant's failure to support her, or that she had, in an action on the contract, an adequate remedy at law.

Appeal from Kent; Perkins, J. Submitted December 5, 1900. Decided January 29, 1901.

Bill by Catharina Meyerl against Ernest G. Meyerl for separate maintenance. From an order overruling a demurrer to the bill, defendant appeals. Affirmed.

*Charles E. Ward*, for complainant.

*L. E. Carroll*, for defendant.

LONG, J. In April, 1899, the parties, who are husband and wife, entered into a contract by which they agreed to live separate and apart during their natural lives. By the terms of the contract the defendant agreed to pay complainant $7 per week during her natural life, and to con-

vey to her their home in the city of Grand Rapids, the
estimated value of which was from $2,500 to $3,000, and
also to convey to her the household goods, piano, horse,
harness, and carriage, etc., in consideration of which the
complainant agreed to release the defendant from all
future support and maintenance and all alimony whatso-
ever. This agreement was carried out and the weekly
payments made until the last week in November, 1899.
The September, October, and November payments were
enforced by suits at law in justice's court upon the contract.
Defendant having failed to make further payments, the
bill in the present case was filed under the statute relat-
ing to separate maintenance. The bill was filed in the
Kent circuit court in chancery. By subdivision "b" the
bill prays "that this court [circuit court in chancery]
make an order or decree herein by which a part of said
defendant's estate, real or personal, or both, or a portion
of his earnings, income, or revenue, as this court may
determine in its discretion, shall be allotted, assigned, set
apart, and decreed to your oratrix as alimony and for her
support and maintenance." The defendant demurred to
this bill, the grounds of demurrer being (1) that the com-
plainant has an adequate remedy at law; (2) that the
complainant, by entering into the agreement, waived her
right to apply to a court of chancery for support from her
husband when he failed to keep the agreement. No other
grounds of demurrer are alleged.

The bill filed in this case alleges, among other things,
that the parties were married in April, 1877; that they
continued to live together until April, 1899; that they
have three children,—two daughters, aged 20 and 21
years, and a son, aged 18 years. The bill also alleges
that the defendant has been guilty of extreme cruelty
towards the complainant, and that, being of sufficient
ability to provide for her a suitable maintenance, he has
grossly, wantonly, and cruelly neglected so to do. The
bill also alleges the making of the contract between the
parties because of the cruel and immoral conduct of the

defendant; that complainant has exhausted her legal remedies in trying to enforce it; that defendant, instead of using his money in payments on the contract, spends it with lewd women, not only to the loss of complainant pecuniarily, but to her humiliation and disgrace and the disgrace of her family; that defendant, for the purpose of preventing her from collecting anything more on the contract, has assigned a large amount of notes and accounts and other evidences of indebtedness, so that there remains little or nothing in his hands liable to execution; that he boasts that he has fixed his affairs so that she will get no more; and that he says he will go to jail, and remain there, rather than pay her anything more.

The statute under which the bill is filed (section 8636, 3 Comp. Laws 1897) provides:

"Whenever a husband shall, without good and sufficient cause, desert his wife, or shall have hereafter deserted his wife without good and sufficient cause, being of sufficient ability to support her, or shall have become an habitual drunkard since their marriage, or practiced extreme cruelty towards her, or committed the crime of adultery, or any other offense that entitles the wife to a decree of divorce or of separation, and shall refuse and neglect to support his wife, either the wife or husband being a resident of this State, the circuit court in chancery of any county in this State in which said husband or wife shall reside shall, on the application of the wife by petition, allot, assign, set apart, and decree to her as alimony the use of such part of her husband's real and personal estate, or such proportion of his earnings, income, or revenue, as the court may determine, in its discretion, and during the pending of the proceeding may require the husband to pay such sums to carry on the proceeding, or for her support, as it shall deem necessary, in like manner as provided by section 6235 of Howell's Statutes, being 4745 of the Complied Laws of 1871, in case of suit for divorce: *Provided*, that no decree shall be made in favor of the petitioner unless on the hearing either such a state of facts shall appear as would entitle her, as far as the husband's wrongful acts are shown, to a decree for divorce upon the grounds specified in the petition, or unless such a state of facts set out in the petition shall be proven as

shall make it appear that the respondent had deserted the petitioner, with intent to leave her without adequate means of support, without good and sufficient cause; and the husband shall be permitted to allege in his answer to the petition any facts which would prevent or bar a divorce upon the grounds alleged in said petition, and to make proof of the same in conformity with such answer.   *   *   *"

The bill sets up sufficient grounds for divorce prior to the making of the contract, and it is apparent that the bill was properly filed in accordance with the provisions of the statute above quoted. We think, therefore, there is no force in the contention of counsel for defendant set forth in his first ground for demurrer,—that the complainant has an adequate remedy at law. Jurisdiction is conferred upon the circuit court in chancery by this statute.

The only question we need discuss is the one alleged as the second ground for demurrer; that is, whether the making of the contract has deprived the complainant of her right to the remedy now sought by the bill. It is contended by defendant's counsel that the granting of a decree for separate maintenance would be the granting of an allowance in addition to the sum which the parties had voluntarily and without fraud agreed upon was sufficient for the support of the complainant, and which she covenanted to accept in full for her support and maintenance. It is admitted that the cases are not in harmony on this subject. In *Galusha* v. *Galusha*, 116 N. Y. 646 (22 N. E. 1117, 6 L. R. A. 490, 15 Am. St. Rep. 453), it was said by the court:

"There are a number of cases where, notwithstanding a voluntary settlement by a husband upon his wife, the court has made an additional allowance upon the ground that the settlement was inadequate for her support;" citing 2 Bish. Mar. & Div. § 375, and cases there cited.

In the present case it appears by the bill that the defendant absolutely refused to carry out the terms of the agreement. This proceeding is brought under the statute which provides for the filing of a bill for support, maintenance, and alimony, and is very similar to the case of

*Cram* v. *Cram*, 116 N. C. 288 (21 S. E. 197). The petition in that case was filed under section 1292 of the Code of that State, which contains very similar provisions to our statute. The court said:

" It is not necessary that we should determine whether this court has aligned itself with those which sustain the exercise of this equitable jurisdiction, or with those holding the opposite view, since, whatever may have been the rule before the enactment of the statute, there is no room for doubt as to the intention of the legislature."

In that case a written agreement had been entered into between the parties by which the husband agreed to pay the wife $400 in cash at the time of the agreement, and $50 per month during her life; while she agreed on her part to leave the State and never return, from which agreement she claimed to have been absolved by failure of the defendant to keep his promise as to the payment of the monthly allowance. It was held that this agreement could not be set up by the husband to bar the action of the wife for her support under section 1292 of the act, even though he discontinued payments because she demanded that the allowance be increased.

The contract in the present case provides that the wife should not contract any debt or call upon her husband for further sums except those mentioned in the contract, "on condition that the party of the first part [the husband] keep and perform his said agreement, and pay the sums and amounts hereinbefore stipulated and agreed upon." The complainant alleges in her bill that the husband has failed to pay the weekly sums, and absolutely refuses to pay more of them; that he has disposed of his property with intent to evade payment. He now seeks to set up this agreement, which he himself refuses to keep and perform, as a bar to the wife's claims under this statute. We feel disposed to follow the North Carolina case, and must hold that the demurrers to the bill are not properly taken.

The court below overruled the demurrers. The order made by that court must be affirmed, and the defendant

given 20 days in which to answer. The complainant will recover her costs.

The other Justices concurred.