.(64 Misc. Rep. 443.)
SCHEINKMAN v. SCHEINKMAN.

(Supreme Court, Special Term, New York County.   September 24, 1909.)

1. DIVORCE (§ 40*)—SEPARATION AGREEMENT—ALIMONY—COUNSEL FEES.
    Where a husband fails to comply with the terms of a separation agree-
    ment providing for the payment of certain sums annually for his wife's
    support, the wife may disregard the agreement, and seek in the usual
    way to compel the payment of alimony and counsel fees.
        [Ed. Note.—For other cases, see Divorce, Dec. Dig. § 40.*]

2. DIVORCE (§ 240*)—ALIMONY.
    Where defendant husband had been paying $20 per week for the sup-
    port of his wife and three children, the children being boarded at the rate
    of $4 per week, which left only $8 per week for plaintiff's use, the al-
    lowance would not be increased.
        [Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 675–678; Dec.
    Dig. § 240.*]

Action by Jennie Scheinkman against Bernard Scheinkman.   Motion
by plaintiff for alimony and counsel fee.   Granted.

May & Jacobs, for the motion.
Thomas W. Butts, opposed.

GIEGERICH, J.   The defendant sets up the fact that there is in ex-
istence a separation agreement between him and the plaintiff as parties
of the first and second parts and one Michel Bernstein, as trustee for
the plaintiff, as party of the third part, by the terms of which the sum
of $3,800 annually in equal half monthly installments is to be paid by
him for the support and maintenance of the plaintiff and her children.
On behalf of the defendant the point is made that the wife's remedy
is an action for specific performance of the agreement; or, if it is
unfair or inequitable or was fraudulently obtained, by an action to
set it aside.

If the defendant were not in default in the performance of his
obligation under the agreement, he would doubtless be protected
against any attempt of the wife to secure a further allowance.   Galusha
v. Galusha, 138 N. Y. 272, 33 N. E. 1062.   He is, however, in arrears
in the payment of the installments provided by the agreement, and for
that reason the wife has begun this action and made this motion.   In
a recent case (Phillips v. Peacock, 63 Misc. Rep. 520, 117 N. Y. Supp.
625), where an action was brought by the trustee under a separation
agreement to compel its specific performance and a motion was made
for alimony and counsel fee, I held that such a motion should not be
granted, and that the wife must either stand upon the agreement and
relinquish the special rights incident to the matrimonial relation, or
she should relinquish her rights under the contract and stand on her
rights as a wife.   This case is in a measure the converse of that.   The
husband is here seeking to evade the obligation of the matrimonial
relation and at the same time is not performing the obligation which
he assumed by his contract.   It is manifest that he cannot be allowed
to take such inconsistent positions.   As he has not paid the stated
sums provided in the agreement, the wife should be permitted to dis-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

regard that agreement, and seek in the usual way to compel the payment of alimony and counsel fee. She does not ask for payment of the sums provided in the agreement for her support, but for such amount as is reasonable.

Passing now to the question of the amount of the allowance, it is shown to my satisfaction that the circumstances of the defendant have changed very decidedly for the worse since the separation agreement was made in April, 1907. At that time he was the owner of a large number of pieces of real estate, which were, however, heavily mortgaged. During the period of depression that has intervened since the date of the agreement the mortgages on some of these properties have been foreclosed, and deficiency judgments in large amounts have been taken against him. Other parcels he has conveyed away, claiming to have made the best terms possible for himself. On behalf of the wife it is insisted that he still has valuable equities in such pieces of property, but I am by no means satisfied by the papers before me that such is the fact; or, at any rate, that such equities, if they exist, are of any immediate financial value. At the present time the defendant is doubtless in sore financial straits, and I believe has been doing the best he could for his family. He has been paying $20 per week for the support of his wife and three of the children. Of the four children mentioned in the separation agreement one, a son, is now self-supporting, earning $7 a week. The other three are being boarded at the rate of $4 a week with one or the other of the married daughters of the parties. This leaves $8 per week for the plaintiff's use.

Upon the facts, so far as I can gather them from the present papers, this seems all that the defendant should be required to pay until his financial condition improves. An allowance of $75 for counsel fee will also be made, payable in such installments as may be provided in the order, which may be presented on the usual notice of settlement.