FLODA P. LENTZ v. JOHN W. LENTZ.

(Filed 11 May, 1927.)

**Judgments—Consent—Contracts—Courts—Marriage—Divorce.**

A consent judgment is an agreement or contract made by the·parties, entered with the sanction of the court, and without the consent of the parties to vacate or moderate it, the court is without power to do so. And where it is entered in a suit for divorce brought by the wife in which her husband is required to pay certain sums of money at stated intervals for the support of the wife and the child of the marriage as long as she may remain unmarried, the later absolute divorce granted in her independent action is not a violation of the terms of the consent judgment, and the Superior Court judge has no authority to modify it upon that ground.

APPEAL by plaintiff ·from *Oglesby, J.,* at January Term, 1927, of CABARRUS. Reversed.

*Armfield, Sherrin & Barnhardt for plaintiff.*
*Hartsell & Hartsell for defendant.*

PER CURIAM. Plaintiff instituted an action against defendant for "alimony without divorce." C. S., 1667. At August Term, 1924, judgment for plaintiff was signed by the judge presiding, as follows:

"This cause coming on to be heard, and the same having been compromised upon the following terms:

"The defendant is to pay into the office of the clerk of the Superior Court, on or before the first day of each month, for fifteen consecutive years, the sum of $25 per month, for the use and benefit of Floda P. Lentz and her child, Charles Timothy Lentz, provided that in case of marriage of Floda P. Lentz said compensation is to terminate.

"It is therefore, upon motion of Maness & Sherrin, counsel for the plaintiff, ordered and adjudged by the court that the plaintiff, Floda P. Lentz, do recover of the defendant, J. W. Lentz, the sum of $4,500, and the cost of this action be taxed against the defendant by the clerk of this court.

"It is, by consent of the plaintiff, ordered and adjudged that the defendant shall pay into the office of the clerk of the Superior Court of Cabarrus County the sum of $25 on the first of each month hereafter, until the total amount of the first judgment is extinguished, and it is also adjudged that the said judgment shall not bear interest, except on such amount or amounts that the defendant may default in paying monthly: *Provided, however,* that in case of remarriage of the plaintiff, then the payment shall at once cease, and the judgment herein rendered shall be

marked 'Satisfied' by the clerk of the Superior Court of Cabarrus County; otherwise, to remain in full force and effect." Below the judgment is the following: "We hereby consent to and agree to the foregoing judgment. Floda P. Lentz, by Maness & Sherrin, attorneys; John W. Lentz, by Hartsell & Hartsell, attorneys."

At January Term, 1927, the court below found the following facts: "Floda P. Lentz brought an action against John W. Lentz under section 1667 of the Consolidated Statutes for alimony without divorce. A consent judgment was entered, which is filed in this record. The plaintiff Floda P. Lentz filed an affidavit and an order was issued by the clerk of the Superior Court to the defendant John W. Lentz to show cause why he should not be attached for contempt for failure to pay the amount contained in the consent judgment. The court finds that the defendant complied with the judgment by paying twenty-five dollars per month until 7 August, 1926, the next payment being due on 1 September, 1926. The court finds that the said Floda P. Lentz obtained an absolute divorce at the August Term, 1926, of the Superior Court of Cabarrus County, judgment in the cause appearing in the record. . . . The court further finds that the petitioner, Floda P. Lentz, has not remarried, and that Charles Timothy Lentz, of age six years, is living, being the child of said marriage."

The judgment of the court below, at January Term, 1927, was as follows: "This cause coming on to be heard, and being heard by petition filed by the plaintiff, after hearing, the court modifies and amends the judgment previously made, and orders the defendant John W. Lentz to pay to the court the sum of twelve and 50/100 dollars per month from August, 1926, for the use and support of the minor child of said marriage, and to pay $25 attorneys' fee for the use of counsel for petitioner."

The court below finds "A consent judgment was entered."

In *Ellis v. Ellis, ante,* at p. 219, quoting many authorities, this Court held: "A judgment or decree entered by consent is not the judgment or decree of the court, so much as the judgment or decree of the parties, entered upon its records with the sanction and permission of the court, and being the judgment of the parties, it cannot be set aside or entered without their consent." *Board of Education v. Comrs.,* 192 N. C., p. 274.

No fraud or mistake is alleged. The judgment is a contract, and binding between the parties. Plaintiff has not breached the condition and married. The divorce obtained by plaintiff does not affect the contract.

For the reasons given, the judgment of the court below is

Reversed.