### FLODA P. LENTZ v. JOHN W. LENTZ.

(Filed 7 December, 1927.)

**Judgments—Consent—Contracts—Courts—Contempt.**

A judgment entered by the court upon the written consent of the parties, without express provision therein, only confers upon the courts the power to construe the contract as it is written, and excludes from it the power to adjudge a party thereto in contempt for the violation of its terms.

APPEAL by plaintiff from *Townsend, Special Judge,* at Special June Term, 1927, of CABARRUS. Affirmed.

*Armfield, Sherrin & Barnhardt for plaintiff.*
*Hartsell & Hartsell, W. H. Woodson and Hayden Clement for defendant.*

PER CURIAM. This Court rendered the opinion that the original judgment in this action was a consent judgment. *Lentz v. Lentz,* 193 N. C., p. 742.

The question presented: Is it error for the court below to hold that the defendant is not guilty of contempt in failing to pay the monthly installments due on a consent judgment? We think not.

43—194

In *Coburn v. Comrs.,* 191 N. C., at p. 74, it is said: "This consent judgment left a discretionary power in the court to make such orders or decrees *for the protection of the rights of all parties."*

There is no provision in the judgment in the present action that leaves the matter open, or any provision giving the court discretionary power as the *Coburn case, supra.* This Court can only construe the contract—consent judgment—as written.

The parties might have left the matter discretionary with the court, as in the *Coburn case, supra,* but this they did not do.

Affirmed.