ETHEL R. RYSKIND, Appellant, *v.* MORRIE RYSKIND, Respondent.

First Department, November 7, 1930.

*Rudolph Stand,* for the appellant.

*Jonas J. Shapiro* of counsel [*Greenbaum, Wolff & Ernst,* attorneys], for the respondent.

MARTIN, J. The parties hereto were married on December 26, 1923. Thereafter the plaintiff obtained an absolute divorce from the defendant, which became final by operation of law on March 17, 1928. In the decree the following provision will be found: " Ordered, Adjudged and Decreed that the plaintiff shall have the right at any time to make application to the court to amend this decree at the foot hereof, so as to allow alimony for her maintenance and support."

An order is now sought by the plaintiff for permission to amend the judgment of absolute divorce entered in her favor by adding thereto a direction for her support and maintenance in accordance with the express reservation in the decree and pursuant to section 1170 of the Civil Practice Act (as amd. by Laws of 1925, chap. 240). The plaintiff says that the defendant has failed to properly provide for her support and maintenance in a manner consistent with his income; that she is solely dependent upon him for maintenance and has no other source of income; that her health has been impaired and that she is under a doctor's care, suffering from a nervous breakdown.

In denying the motion the court said: " Recourse must be upon the agreement."

In answer to that proposition the plaintiff contends that she is entitled to relief on this motion for the reason that the defendant has failed at all times to comply with the agreement entered into on February 15, 1928; that the agreement has been repudiated and abandoned by defendant and terminated by the mutual consent of the parties.

The defendant contends that this agreement is a bar to this application, although it clearly appears from the replying affidavit that the agreement never became operative and by the defendant's own conduct and declarations was abandoned and repudiated by him immediately after its execution. The failure of the defendant husband to make the payments provided for by the contract, without any excuse for failing to do so, would be a sufficient ground for the wife declaring the contract unenforcible.

A situation similar to the one now before the court was presented in the case of *Scheinkman* v. *Scheinkman* (64 Misc. 443), where, on a motion by the wife, it was established that the husband had not paid the sums set forth in the agreement. It was there held that the wife should be permitted to disregard the agreement and

seek, in the usual way, to compel the payment of alimony and counsel fee.

The effect of such abandonment of the agreement is set forth in *Randolph* v. *Field* (165 App. Div. 279) as follows: " It may, however, by the assent of the parties to it, be terminated, and once that is done, then the marital obligation of the husband to support his wife again comes into existence."

Aside from the fact that the agreement in question was never complied with by the husband, it appears that it was not entered into until after the divorce decree had been signed, which decree contains a provision that the plaintiff wife may apply to the court at any time for alimony for her maintenance and support. That decree has never been modified, and under its terms the plaintiff herein may apply to the court and obtain the relief demanded.

In *Randolph* v. *Field* (*supra*) the court also said: " If the separation agreement were, at the time she commenced her action for a separation, a valid and subsisting contract, upon which she relied for support, then she could not obtain support by way of alimony in such action or successfully prosecute the same."

The court there held that both parties had repudiated the agreement; that the husband had failed to pay the amounts provided for therein; and that the wife accepted such failure as a ground for the abandonment thereof. The record here discloses not only that the husband has failed to comply with the terms of the agreement but that his wife has accepted such failure to comply as an abandonment thereof.

This order should, therefore, be reversed, with ten dollars costs and disbursements, and the motion to amend the final decree by providing adequate alimony for the support of the plaintiff granted with ten dollars costs.

DOWLING, P. J., FINCH, McAVOY and O'MALLEY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. Settle order on notice.