The plaintiff and defendant are man and wife and were married 22 April, 1924. The plaintiff brings this action under C. S., 1667, and after setting forth the grounds in detail, prays "That the court enter a decree requiring the defendant to secure so much of his estate or to pay so much of his earnings, or both, as may be proper, according to his condition and circumstances, for the benefit of the plaintiff herein as a reasonable subsistence."
The complaint alleges, in part: "That, as hereinbefore alleged, on or about ........ January, 1931, the plaintiff herein instituted an action in the Superior Court of Buncombe County for the purpose of requiring the defendant herein to provide her with necessary subsistence according to his means and condition in life, and that at the August Term, *Page 199 
1931, of the Superior Court of Buncombe County, a consent judgment was entered signed by plaintiff and defendant and their respective attorneys, whereby the defendant herein agreed to pay `the sum of seventy-five ($75.00), per month as a reasonable allowance and maintenance' for plaintiff, and that pursuant to said judgment the defendant made said payments until 1 February, 1933, since which date, the defendant has wrongfully neglected, failed and refused to make further payments, and that by reason thereof the plaintiff herein has been without reasonable maintenance and support and has been compelled to live with her brother in the city of Asheville who was considerate enough of her welfare to permit her to live in his home, and that such wrongful failure and refusal on the part of the defendant amounts in law to an abandonment by the defendant of the plaintiff herein, as contemplated by section 1447 (this section is erroneously stated — the court) of the Consolidated Statutes of North Carolina, and that the defendant, on or about 1 February, 1933, without fault on the part of plaintiff, in truth and in fact, abandoned plaintiff, and failed and neglected to provide her with reasonable subsistence."
The consent judgment of plaintiff and defendant, at August Term, 1931, before Judge Stack, referred to in the complaint and a part of the record, in part, is as follows:
"This cause coming on to be heard before his Honor, A. M. Stack, for trial before a jury, and after the empaneling of the jury, the court having suggested to the plaintiff and the defendant and their attorneys, that they endeavor to compromise and settle this suit out of court, and upon the suggestion of the court, the plaintiff agreed to accept and the defendant agreed to pay the sum of seventy-five dollars ($75.00) per month as a reasonable allowance and maintenance, under the provisions of the act, upon which this suit is based; said payments to be made as follows:
Beginning 15 August, 1931, the sum of $37.50, and the sum of $37.50 on the first and 15th of each succeeding month; said amounts to be paid into the office of the clerk of the Superior Court of Buncombe County. . . .
It is further ordered by the court that the foregoing amounts shall be and become a specific lien upon any and all real estate owned by the defendant at this time.
It is further ordered and adjudged by the court that the costs of this action shall be paid by defendant. A. M. Stack, Judge Presiding. We consent: (signed) Almyra L. Turner, plaintiff; W. W. Turner, defendant; J. C. Joyner, Zeb Curtis, attorneys for plaintiff; Lee Lee, attorneys for defendant."
The defendant demurred to the complaint. The following judgment was rendered in the court below: *Page 200 
"This cause coming on to be heard, and being heard before his Honor, Felix E. Alley, judge holding the courts of the Nineteenth Judicial District, at the regular June Term, 1933, of the Superior Court of Buncombe County:
And it appearing to the court, the defendant above named filed a demurrer to the complaint filed in behalf of the plaintiff above named, and it further appearing that said complaint is defective in that it shows on its face that the said plaintiff is without the capacity to sue;
It is therefore, upon motion of Lee Lee, attorneys for the defendant, considered, ordered and adjudged, that the defendant's demurrer be and the same is hereby sustained, this action dismissed, and the costs of this action be taxed against the plaintiff, by the clerk.
This 28 June, 1933. FELIX E. ALLEY, Judge Presiding."
To the signing of the foregoing judgment the plaintiff excepted, assigned error and appealed to the Supreme Court.
The only question involved in this appeal is whether or not the court below was in error in sustaining defendant's demurrer. We think not.
C. S., 511: "The defendant may demur to the complaint when it appears upon the face thereof, either that: (2) the plaintiff has not legal capacity to sue; . . . or (6) the complaint does not state facts sufficient to constitute a cause of action." The rights of plaintiff are remitted to the judgment before mentioned, which plaintiff and defendant heretofore entered into before Judge Stack. She was sui juris and no mistake or fraud alleged.
The law in this cause has been settled by this Court in Lentz v. Lentz,193 N.C. 742; S. c., 194 N.C. 673; Brown v. Brown, ante, 64. The judgment of the court below is
Affirmed.