WILLIAM H. KEE AND WIFE, SARAH KEE, v. SCOTT DILLINGHAM AND J. W. GIBBS.

(Filed 29 September, 1948.)

**1. Fraud § 3: Cancellation and Rescission of Instruments § 2—**

While ordinarily, promissory representations are insufficient predicate for an action for fraud or rescission, allegation and evidence to the effect that defendants represented that they had talked to city officials and that the city would fill a large gully on the lot in a matter of days, that this representation was material and false, and that the house extended four inches over the street line in violation of defendants representation that the house was built on the lot described, are sufficient to overrule defendants' demurrer to the complaint and demurrer to the evidence.

**2. Cancellation and Rescission of Instruments § 15—**

While ordinarily, damages for breach of contract or for fraud cannot be recovered in an action for rescission, plaintiffs in an action for rescission are nevertheless entitled to recover special damages sustained as a result of the fraud which cancellation of the contract does not repair.

**3. Same—**

Upon rescission of the contract of sale at the instance of vendee, the vendee is entitled to recover expenditures for permanent improvements less rental value of the property while in vendee's possession, but not expenditures for personal property which vendee is entitled to remove nor expenditures made for improvements after knowledge of all the facts or after discovery of the fraud, nor for money paid defendants for other lots.

**4. Same: Trial § 31b—**

In this action by vendees to rescind the contract of sale for fraud, the charge of the court *is held* not to contain sufficiently definite instructions on the issue of damages to guide the jury to an intelligent determination of the issue, and a new trial is awarded.

APPEAL by defendants from *Sink, J.,* June Term, 1948, of BUNCOMBE. New trial.

This was a suit to rescind a contract and for damages on account of fraud whereby plaintiffs were induced to contract for the purchase of an unfinished house in Asheville.

According to the terms of the written contract signed by the parties, the plaintiffs agreed to purchase an unfinished house belonging to defendants for $5,500.00, and to give a lien on furniture and an automobile as security for a down payment of $1,000, to be paid in 60 days. Plaintiffs were to complete the house at their own expense and occupy same; full warranty deed to be executed when terms complied with.

Plaintiffs alleged that for the purpose of inducing them to sign this contract the defendants falsely and fraudulently represented (a) that the property would finance for $5,500; (b) that the back-line of the lot extended to a culvert; (c) that the house was built on the lot described; (d) that the house could be finished for $500; (e) that the lumber used in construction was well-seasoned; and (f) that a large gully 15 feet deep and 30 to 40 feet across, adjoining the premises and on property of defendant Dillingham, would be filled in a few days by the City of Asheville, this being as alleged a promissory representation falsely and knowingly made to induce the execution of the contract.

Plaintiffs alleged the falsity of these representations in that the property could not be financed for more than $2,000; the back-line of the lot did not extend to the culvert; a portion of the house was built about 4 inches over the street line; the plaintiffs have been compelled to expend $2,500 on the property; lumber in the house was green and is now warped; and the gully has not been filled, and the City had not been requested or made any commitment to have this done. Plaintiffs allege that relying upon these fraudulent representations they have expended $2,500 in effort to finish the house and improve the property, and they

ask that their contract to purchase the property be rescinded, and that they recover the amounts so expended.

The defendants denied there was any fraud in the transaction; that plaintiffs executed the contract after an examination of the premises and agreed to take the house "as is" for $5,500; that the dimensions of the lot were set out, and plaintiffs knew the location of the back-line; that the line of the street on the west was not defined, no sidewalk had been laid, and that defendants knew no more than plaintiffs of any encroachment. Defendants alleged that the house if completed could have been financed for $5,500, and defendants had offered to accept deed of trust for the amount due and allow plaintiffs to pay at rate of $60 per month. Defendants denied they represented the house could be completed for $500, or that the plaintiffs expended $2,500 for that purpose. Defendants denied the allegations as to green lumber or that any representations were made as to the gully. Defendants set up cross-action for damages for breach of contract.

Plaintiffs offered evidence tending to show, among other things, that the house as built by defendants extended 4 inches over the street line; and that defendants represented "the gully would be filled; that they had seen the City and the City was going to fill the gully back of the house; that they had talked to the city officials about it, and the gully would be filled in two or three days"; that this was material, as the then condition of the gully was dangerous for plaintiffs' children; that these statements were false and designedly made to induce plaintiffs to buy. Plaintiffs also offered evidence in support of other allegations, and as to certain items of expenditures made subsequent to date of contract September 9, 1947, and prior to date of suit November 7, 1947.

Defendants offered evidence in rebuttal in support of the matters pleaded in their answer.

Upon issues submitted the jury found that plaintiffs were induced to execute the contract by false and fraudulent representations of the defendants, and that plaintiffs were entitled to recover of the defendants $1,600. No recovery was allowed on defendants' cross-action.

From judgment on the verdict, defendants appealed.

*William J. Cocke for plaintiffs, appellees.*
*James E. Rector for defendants, appellants.*

DEVIN, J. The defendants' demurrer *ore tenus*, interposed in the court below, on the ground that the plaintiffs' complaint did not state facts sufficient to constitute a cause of action was properly overruled, as was their demurrer to the plaintiffs' evidence. While some of the matters complained of as grounds for the relief sought would seem to

involve mere expressions of opinion or promissory representations, we think there are allegations and evidence in support which under the principle stated in *Bank v. Yelverton,* 185 N. C., 314, 117 S. E., 299, are sufficient to withstand a demurrer and to carry the case to the jury. *Kemp v. Funderburk,* 224 N. C., 353, 36 S. E. (2d), 155; *Ward v. Heath.* 222 N. C., 470, 24 S. E. (2d), 5; *Silver v. Skidmore,* 213 N. C., 231, 195 S. E., 775; *Haywood v. Morton,* 209 N. C., 235, 183 S. E., 280; *Clark v. Laurel Park Estates,* 196 N. C., 624 (635), 146 S. E., 584; *Blackman v. Howes.* 185 P. (2), 1019, 174 A. L. R., 1004; Annotation 1010.

The defendants excepted to the instructions given the jury on the issue of damages and to the court's failure definitely to point out the matters to be taken into consideration in determining this issue.

The court charged the jury as follows: "If these defendants were induced by false and fraudulent representations to sign this contract then they would be entitled to recover at your hands, for such improvements as they placed upon the property less a reasonable rental for the use thereof since the time that they entered it, the 10th day of September, 1947. The court has and does charge you that certain items are not real estate. A floor heating plant, cupboards in the kitchen, the Venetian blinds are household and linoleum is household furniture and no realty. Such additions as the plaintiffs, if you come to consider the third issue, made to the premises less a reasonable rental they would be entitled to recover, and these items held to be personal property they would be entitled to remove from the premises if the contract is held, as plaintiffs insist upon in the second issue, and the defendants insist that it should not be. The plaintiffs ask you to answer that issue in the sum of $2,000 less a reasonable amount of rentals for the period that they have occupied the premises. What that rental should be is a matter for you to determine in the light of all the facts that have been developed."

This appears to be the only instruction given the jury on this issue.

The plaintiffs' suit is for rescission of the contract to pay $5,500 for the property on the ground of fraud, and also for the recovery as damages for expenditures made for permanent improvements on the house contracted for in order to complete it. Ordinarily a suit for rescission of a contract may not be joined with an action for its breach or damages for fraud, but where special damages have been sustained as the result of the fraud practiced, rescission of the contract will not bar a recovery for damages. *Lykes v. Grove.* 201 N. C., 254, 159 S. E., 360. The rule is, if rescission of the contract does not place the injured party *in statu quo,* as where he has suffered damages which cancellation of the contract cannot repair, there is no principle of law which prevents him from maintaining his action for damages caused by the other party's fraud.

*Fields v. Brown,* 160 N. C., 295, 76 S. E., 8. The rule is well stated in 9 Am. Jur., 385, as follows: "A vendee in possession who rescinds a contract for the sale of land because of the misrepresentation of the vendor is entitled to the purchase money paid, the value of permanent improvements erected in good faith, the amount of taxes paid, and interest on these several sums, deducting from the aggregate the value of the rent while the vendee remained in possession." Under this rule it was permissible for the plaintiffs to seek to strike down the contract *ab initio,* if procured by fraud, and, for the purpose of restoring the *status quo ante,* to recover such expenditures as they were induced by the fraud to make for permanent improvements on the real property of the defendants, less rental value while in possession. This, however, would not include money paid for personal property which plaintiffs would have right to remove, nor for expenditures voluntarily made for improvements with knowledge of all the facts or after discovery of the fraud alleged, nor money paid defendants for other lots as claimed. An examination of the charge on this issue leads to the conclusion that the trial judge inadvertently omitted to give the jury sufficiently definite instructions to guide them to an intelligent determination of the question (*Lewis v. Watson, ante,* 20, 47 S. E. (2d), 484; *Yarn Co. v. Mauney,* 228 N. C., 99, 44 S. E. (2d), 601; *McNeill v. McNeill,* 223 N. C., 178 (182), 25 S. E. (2d), 615; *Spencer v. Brown,* 214 N. C., 114, 198 S. E., 630), and that the defendants are entitled to a new trial. In this view it is unnecessary to consider other exceptions noted during the trial brought forward in defendants' assignments of error.

New trial.