NETTIE LOWE WILSON v. CHARLES CALVIN WILSON.

(Filed 17 January 1964.)

**1. Husband and Wife § 2—**

The law imposes upon the husband the duty to support his wife, which duty may be enforced by decree of the court, and such duty is a continuing one so that the fact that the husband has performed such duty in the past is no defense against present failure to perform.

**2. Husband and Wife § 11—**

A separation agreement when properly executed is binding and conclusive on the parties.

**3. Cancellation and Rescission of Instruments § 5—**

Rescission is an equitable remedy which may be invoked only for a breach of condition or covenant constituting an indispensable part of the contract and without which the agreement would not have been made.

**4. Divorce and Alimony §§ 16, 18; Husband and Wife § 11— Where husband breaches separation agreement the wife may recover support.**

A properly executed deed of separation under which the husband conveys to the wife certain property, agrees to pay her a certain sum monthly for 18 months and the wife agrees not to seek further support from him after such sums had been paid, *is held* not to bar her suit for alimony without divorce or preclude an order for alimony *pendente lite* therein

when the husband breaches the agreement after eight monthly payments by refusing to make further payments in accordance with the agreement, since in such event he refuses to perform the very condition which is the basis of her promise to surrender her rights, although she must account for the benefits, if any, which she may have received under the agreement.

HIGGINS, J., dissenting.

BOBBITT, J., joins in dissent.

APPEAL by plaintiff from *Johnston, J.,* in Chambers in FORSYTH on 16 May 1963.

This is an action for alimony without divorce. Plaintiff alleges: The parties were married in 1952; defendant abandoned plaintiff in January 1962; in April 1962 the parties executed a seperation agreement, copy of which is annexed to and made a part of the complaint; defendant is an able-bodied man making good wages; plaintiff has had much sickness and many financial reverses; she is not able to subsist on the income she earns, nor does she possess the means to prosecute an action against defendant.

The agreement made a part of the complaint is dated 10 April 1962. It recites: The marriage in 1952; the fact that no children have been born of the marriage; a separation in 1962; the parties owned real property as tenants by the entirety, household and kitchen furniture, and other articles of personal property subject to mortgages for unspecified amounts on the real estate and on the household and kitchen furniture. The acknowledgment complies with the requirements of G.S. 52-12.

The agreement obligated defendant to convey his interest in the real estate and the household and kitchen furniture to plaintiff subject to the recited mortgages. (The record does not indicate the value of the real estate or the amount of the liens thereon.) The agreement declared the husband the owner of designated articles of personalty and the wife the owner of the remaining personalty. (Value of the personalty is not revealed.)

Sec. VIII of the separation agreement reads:

"It is agreed that the husband will pay to the wife the sum of One Thousand Eight Hundred Dollars ($1,800.00) which payments shall be made in the following manner: The sum of One Hundred Dollars ($100.00) on or before the 30th day of May 1962, and a like sum, to-wit: One Hundred Dollars ($100.00) on or before the 30th day of each succeeding month thereafter until

the full sum is paid. It is further understood and agreed that *after* said sum is paid, the wife will seek no further support from the husband and the husband shall not *thereafter be required* to provide the wife with any maintenance or support whatsoever, it being understood that she will *thereafter* provide her own maintenance and support." (Emphasis supplied.)

Plaintiff alleged defendant had made eight of the eighteen payments called for by the contract, but he "has told the plaintiff that if she ever got anything out of him, she would have to get it in Court."

Defendant has not answered. Notice was given that plaintiff would apply for alimony *pendente lite.*

Judge Johnston found: The separation agreement was duly executed; defendant had not complied with its provisions; the parties had not resumed marital relations. On these findings he concluded: "Now, therefore, upon the foregoing facts, the Court is of the opinion that the Motion of the plaintiff in the present action should not prevail and the Motion of the plaintiff for alimony *pendente lite* and attorney fees pending the final trial of this suit is accordingly denied."

*Henderson & Yeager by Frank J. Yeager for plaintiff appellant.*

RODMAN, J.   When man and woman marry, the law imposes a duty on the husband to support his wife. *Bowling v. Bowling,* 252 N.C. 527, 114 S.E. 2d 228. Where he separates himself from his wife and fails to perform this duty, the wife may compel performance by judicial decree. G.S. 50-16. He cannot, by merely providing support until he gets beyond the jurisdiction of the court, deprive his wife of this efficacious means of enforcing performance of the obligation imposed on him by law. *Thurston v. Thurston,* 256 N.C. 663, 124 S.E. 2d 852.

An agreement between husband and wife which, recognizing an existing cessation of marital relations, provides for a settlement and adjustment of their respective property rights and obligations upon the assumption that marital relations will not be renewed is, when freely executed, acknowledged by the parties, found by the probating officer not to be unreasonable or injurious to the wife, *and performed,* binding and conclusive on the parties. *Archbell v. Archbell,* 158 N.C. 408, 74 S.E. 327; *Taylor v. Taylor,* 197 N.C. 197, 148 S.E. 171; *Kiger v. Kiger,* 258 N.C. 126, 128 S.E. 2d 235; *Williams v. Williams, post,* 48.

The question to be decided evolves upon this situation: The wife contracts to surrender her marital rights upon condition that the husband shall provide for her support in a fixed amount. Thereafter the husband

refuses to perform the very condition which is the basis for the wife's promise to surrender her rights.

Is the wife limited to an action for breach of the contract? Or may she accept her husband's declaration that the instrument is "a mere scrap of paper" and for that reason not binding on either?

Judicial decisions and text books on the law of contract are in agreement that where there is a material breach of the contract going to the very heart of the instrument, the other party to the contract may elect to rescind and is not bound to seek relief at law by an award for damages. This rule was stated by the Supreme Court of Florida in *Steak House v. Barnett,* 65 So. 2d 736, in this language: "A covenant is dependent where it goes to the whole consideration of the contract; where it is such an essential part of the bargain that the failure of it must be considered as destroying the entire contract; or where it is such an indispensable part of what both parties intended that the contract would not have been made with the covenant omitted. Black on Rescission and Cancellation, 2d Ed., Vol. I, pp. 555, 601. A breach of such a covenant amounts to a breach of the entire contract; it gives to the injured party the right to sue at law for damages, or courts of equity may grant rescission in such instances if the remedy at law will not be full and adequate." *Dula v. Cowles,* 52 N.C. 290; *Carrow v. Weston,* 247 N.C. 735, 102 S.E. 2d 134; *Wallace v. Smith,* 240 P. 2d 799; *Wilson Corrugated Kraft Containers,* 256 P. 2d 1012; *Sanders v. Meyerstein,* 124 F. Supp. 77; *Fish v. Valley Nat. Bank of Phoenix,* 167 P. 2d 107; *Village of Wells v. Layne-Minnesota Co.,* 60 N.W. 2d 621; 12 Am. Jur. 972; 17A C.J.S. 517; Restatement of Contracts, sec. 274; Black on Rescission and Cancellation, 2d Ed. Vol. I, secs. 196, 214, 215.

Rescission, an equitable remedy, is allowed to promote justice. The right to rescind does not exist where the breach is not substantial and material and does not go to the heart of an agreement. *Childress v. Trading Post,* 247 N.C. 150, 100 S.E. 2d 391; *Jenkins v. Myers,* 209 N.C. 312, 183 S.E. 529; *Highway Comm. v. Rand,* 195 N.C. 799, 143 S.E. 851.

If the wife is content to look to the contract for relief, she may be awarded damages, not for failure to perform a duty, but because of her husband's breach of his contract. Neither the needs of the wife nor hardship imposed on the husband is a defense. Any judgment rendered for nonperformance is a debt. It can only be enforced by a levy on and sale of defendant's property. He cannot be imprisoned. N. C. Const., Art. I, sec. 16; *Daniel v. Owen,* 72 N.C. 340; *Stanley v. Stanley,* 226 N.C. 129, 37 S.E. 2d 118. On the other hand, the duty of a husband to

support his wife is imposed by law. The amount, if any, to be paid is fixed by order of the court, having due regard to the situation of the parties, the ability of the husband to pay, and the needs of the wife. A willful failure of the husband to comply with the court's order is a contempt, and can be punished as such by imprisonment. It is not within the constitutional inhibition against imprisonment for debt. *Pain v. Pain,* 80 N.C. 322; *S. v. Morgan,* 141 N.C. 726.

The duty of the husband to support is a continuing one. The mere fact that a husband has performed his duty in the past is no defense against present failure to perform. Hence this Court rejected the plea of a defendant that his past performance of his separation agreement to provide monthly payments relieved him of his obligation to perform in the future. It said in *Cram v. Cram,* 116 N.C. 288: "If we concede that plaintiff had the right to demand that the agreement mentioned in the answer be enforced, had she chosen to sue upon it, the defendant will not, nevertheless, be allowed, after repudiating it by ceasing to pay or offer to pay according to its provisions, to set it up as a bar to her recovery in this action . . . *It is not the contract to pay a certain sum in lieu which quits the husband of his duty to furnish a support for the wife when he is discharged, but the actual payment or attempt or offer to pay in fulfillment of his agreement.* Kelly's Contracts of Married Women, p. 75, 1 Cord's Legal and eq. Rights of Married Women, secs. 144, 145. Having ceased to perform his agreement to pay the monthly allowance referred to in the pleadings, it will not avail him now as a defense to this proceeding for maintenance on the part of the plaintiff, to whom he admits that he was married, and whom it is conceded that he afterwards deserted." (Emphasis supplied.)

In *Rector v. Rector,* 186 N.C. 618, 120 S.E. 195, plaintiff sought alimony without divorce. As a defense to her action defendant pleaded the separation agreement by which he obligated himself to pay $85 per month for plaintiff's support. He made three payments and then ceased further performance. Clark, C.J., disposed of defendant's contention that the separation agreement defeated plaintiff's right to alimony with this terse sentence: "The defendant having failed to pay the installments as provided by the agreement, the plaintiff can maintain this action. *Cram v. Cram,* 116 N.C. 288."

In *Butler v. Butler,* 226 N.C. 594, 39 S.E. 2d 745, plaintiff, notwithstanding a separation agreement, sought the security of an award of alimony. She alleged that the husband was complying with the provisions of the contract and making the monthly payments there called

for. She also said that the payments so made were sufficient for her support. She predicated her claim to an award of alimony on the fact "that defendant has expressed to plaintiff his intention to obtain an absolute divorce at the end of two years from the date of their separation and has made statements causing plaintiff to anticipate and fear that defendant would not comply with the said separation agreement after obtaining a divorce."

The appellant's brief in the *Butler* case states the question the Court was called upon to decide in this language:

> "Is a wife whose husband has been convicted of an assault upon her resulting in their separation entitled to an order for maintenance *pendente lite* under G.S. 50-16 when her husband is making the payments in conformity with the terms of a valid separation agreement but threatens to obtain a divorce on grounds of two years separation and discontinue payments upon his contract?"

Seawell, J., speaking for the Court, gave this answer:

> "The Court is of opinion that the jurisdiction of the court invoked under G.S. 50-16, is not barred by the separation agreement pleaded, and that within the frame of her present action, the plaintiff may seek such relief as she may be entitled to have."

The existence of a separation agreement is not a bar to an award of alimony *pendente lite. Oldham v. Oldham,* 225 N.C. 476, 35 S.E. 2d 332; *Taylor v. Taylor,* 197 N.C. 197, 148 S.E. 171. If relief is here denied, those cases were erroneously decided.

The conclusion reached by this Court in *Cram v. Cram, supra,* is recognized in decisions elsewhere as correct. *Meyerl v. Meyerl,* 84 N.W. 1109; *Hefele v. Hefele,* 160 A. 368; *French v. French,* 134 N.E. 33; *Bradford v. Bradford,* 4 N.E. 2d 1005; *Walker v. Walker,* 94 A. 346, Ann. Cas. 1916B 934; *Scheinkman v. Scheinkman,* 118 N.Y.S. 775; *Verdier v. Verdier,* 223 P. 2d 214; *Sellers v. Sellers,* 164 S.E. 769; Lindey: SEPARATION AGREEMENTS AND ANTE-NUPTIAL CONTRACTS, sec. 25.

The contention that the order denying alimony is supported by *Lentz v. Lentz,* 193 N.C. 742, 138 S.E. 12, s. c. 194 N.C. 673, 140 S.E. 440; *Brown v. Brown,* 205 N.C. 64, 169 S.E. 818; *Turner v. Turner,* 205 N.C. 198, 170 S.E. 646; *Davis v. Davis,* 213 N.C. 537, 196 S.E. 819; *Luther v. Luther,* 234 N.C. 429, 67 S.E. 2d 345; and *Spruill v. Nixon,* 238 N.C. 523, 78 S.E. 2d 323, and similar cases, is fallacious.

That these cases do not control the decision in the present case is, we think, apparent from an examination of them. In the first appeal in *Lentz v. Lentz, supra,* the Court held that a husband who had obtained a divorce could not thereafter be required to pay alimony, nor did the divorce constitute a breach of the separation agreement the parties had executed. It is elementary that the husband's legal duty to support his wife, unlike his contractual obligation, terminates when the marriage relationship has been terminated by a divorce *a vinculo.* It was to avoid this very situation that the plaintiff brought her action in *Butler v. Butler, supra.* Both *Lentz* and *Butler* were decided by a unanimous Court.

The decision on the second *Lentz* appeal is an application of the law declared in *Stanley v. Stanley, supra,* that the husband cannot be imprisoned for a breach of his contractual obligation.

In *Brown v. Brown, supra,* the wife sought a divorce *a mensa* and alimony notwithstanding the provision of a valid separation agreement which the husband had "fully performed." Of course she could not, after her husband had performed his part of the contract, obtain an award of alimony.

Here the husband has not only not performed; he has, according to the allegations of the complaint, which are not denied by him, announced that he has no intention of performing.

The conclusion reached in *Turner v. Turner, supra,* is not in conflict with *Cram v. Cram, supra.* The *Cram* case was referred to in the briefs. Manifestly the Court did not intend to overrule it without referring thereto, but instead relied on *Brown v. Brown, supra,* and *Lentz v. Lentz, supra.*

*Davis v. Davis, supra,* is a mere application of the doctrine declared in the first *Lentz* case that an absolute divorce terminates the husband's legal duty to support. He cannot thereafter be held in contempt for nonsupport even though he has contracted to provide support.

*Luther v. Luther, supra,* merely holds the wife may not be punished for contempt when she refuses to abide by an agreement which is not approved as required by G.S. 52-12 and is void under the statute of frauds. The statement in that case and in *Spruill v. Nixon, supra,* that a consent judgment is a contract binding on the parties which cannot be vacated unless by consent or for fraud or mistake is undoubtedly a correct statement of the law. It is not here challenged, but that legal principle cannot be expanded so as to require performance by one when the other party declares he has no intention of complying with the condition precedent to his right to bind the other.

It must not be forgotten that the public official who adjudged the contract not injurious to the wife had before him an instrument which

divested her of the right to support only *after* the husband had performed his part of the contract.

When the wife, as here, elects to seek alimony rather than damages for the breach of the contract, she is only entitled to such an award as would be proper if no contract had been signed. If there has been a partial performance, she must account for the net benefits, if any, which she may have received.

Reversed.

HIGGINS, J., dissenting: The plaintiff attached the separation agreement to her complaint and made it a part of her alleged cause of action. The agreement was executed in accordance with the formalities required by law. Among other things, it provided:

> "WITNESSETH: WHEREAS, the parties hereto are husband and wife, having been lawfully married on the 23rd day of December 1952, but WHEREAS, by reason of irreconcilable differences and disagreements, the parties separated on the 20th day of January 1962, and have since said date lived continuously separate and apart from each other and are presently living separate and apart from each other; and WHEREAS, the parties have agreed that they will continue to live separate and apart from each other in the future, each being of the opinion that it will promote their happiness and welfare to live separate and apart in the future";

The agreement required the defendant to convey to the plaintiff the home held by them as an estate by entireties, the deed to be, and presumably was, delivered simultaneously with the execution of the separation agreement. All the personalty belonging to the parties was given to the plaintiff except one incomplete set of dishes, one empty bookcase, one rollaway bed, the 1961 Chevrolet, and "his personal clothing and his purely personal belongings." In so far as the record discloses he left the home without anything else of value except his ability to work. He agreed to pay to the plaintiff $100.00 each month for 18 months. At the time she instituted this suit she had been paid $800.00, and three of the remaining payments were then past due.

Under the facts alleged, the plaintiff was entitled to maintain an action for the recovery of $300.00 and interest for breach of contract and she would have been entitled to amend her complaint after it was filed, alleging any additional payments that were past due up to the time of the trial. Failure to meet the payments does not entitle the plaintiff to have the contract declared void. A breach of the contract

is cause for rescission only when the contract is indivisible and the breach defeats it. *Childress v. Trading Post,* 247 N.C. 150, 100 S.E. 2d 391. By rescission the whole transaction must be avoided. A party may not rescind in part and affirm in part. "The nonperformance on one side must go to the entire substance of the contract *and to the whole consideration,* so that it may safely be inferred . . ., if the act to be performed on the one side is not done, there is no consideration for the stipulation on the other side." *Jenkins v. Myers,* 209 N.C. 312, 183 S.E. 529; *New Orleans v. R.R.,* 171 U.S. 334. Cancellation or rescission of a contract even when the contract is procured by fraud (not even suggested here) requires the return of all consideration. *Kee v. Dillingham,* 229 N.C. 262, 49 S.E. 2d 510. The plaintiff does not offer to return anything.

Assuming all plaintiff's factual allegations are true, she is entitled to maintain a cause of action for breach of contract. Instead, she sues for alimony and counsel fees. Her factual allegations show that in so doing she attempts to assert a defective cause of action. Judge Johnston was correct in so holding.

Valid contracts between husband and wife executed while they are living in a state of separation are binding in the same manner as other contracts. However, in so far as the contract is executory and relates to obligations and duties growing out of the marriage, the resumption of the marriage relationship restores the rights incident thereto. *Fuchs v. Fuchs,* 260 N.C. 635; *Hutchins v. Hutchins,* 260 N.C. 628.

The defendant's failure to pay does not add one cent to the amount he is due under the contract, and as the parties agreed so shall they be bound. I vote to affirm.

BOBBITT, J. joins in this dissenting opinion.