**1388**

Frances Dorsett **HUNTER**, Plaintiff,

v.

Elliott L. **RICHARDSON**, Secretary of
Health, Education and Welfare,
Defendant.

No. C–226–G–70.

United States District Court,
M. D. North Carolina,
Greensboro Division.

May 10, 1971.

Donald L. Paschal, Siler City, N. C., for
plaintiff.

J. Howard Coble, Asst. U. S. Atty.,
Greensboro, N. C., for defendant.

## MEMORANDUM OPINION
## AND ORDER

GORDON, District Judge.

Pursuant to § 205(g) of the Social Security Act, as amended, 42 U.S.C.A. § 405(g), the plaintiff seeks judicial review of the final decision of the Secretary of Health, Education and Welfare denying the plaintiff's application for the establishment of widow's insurance benefits, as provided by § 202(e) of the Act, 42 U.S.C.A. § 402(e).

The only question presented by the plaintiff for consideration is whether a separation agreement in North Carolina is tantamount to the term "court order" as used in § 202(e) of the Act. The Court concludes that it is not, and will, accordingly, grant summary judgment in favor of the defendant.

In North Carolina a separation agreement is regarded as a contract between husband and wife evidencing the husband's duty to support his wife and family. Wilson v. Wilson, 261 N.C. 40, 134 S.E.2d 240 (1964). As a mere contract between the parties not dependent upon the intervention of a judicial body in order to be considered valid, it, consequently, cannot be equated to a "court order" as the term is used in § 202(e). "Court order" as defined by the Social Security Administration Regulations No. 4 (20 C.F.R.), § 404.351 is "any order, judgment, or decree of a court of competent jurisdiction."

## ORDER

It is, therefore, ordered that the motion of the plaintiff for summary judgment be, and the same hereby is, denied.

It is further ordered that the motion of the defendant for summary judgment be, and the same hereby is, granted.