NORTH CAROLINA STATE HIGHWAY COMMISSION v. NANNIE B. MEADOWS THOMAS AND HUSBAND, FRED THOMAS; DR. HAROLD KEENER; W. T. BENNETT, T/D/B/A BENNETT'S DRUG STORE

No. 68SC224

(Filed 23 October 1968)

1. Trial § 33; Damages § 16— instruction on damages

The court must give sufficiently definite instructions on the issue of damages to guide the jury to an intelligent determination of the issue.

2. Trial § 32— purpose of instructions

The purposes of the court's charge to the jury are the clarification of the issues, the elimination of extraneous matters, and the declaration and explanation of the law arising on the evidence in the case.

3. Eminent Domain § 5— highway condemnation — instruction on damages

In highway condemnation proceedings under G.S. Ch. 136 wherein the evidence relating to landowners' damages was lengthy and conflicting, trial court's instruction on measure of damages that "just compensation is had when the balance is struck between the damages, if any, suffered by the landowners," *is held* prejudicial to the landowners.

4. Eminent Domain § 5— highway condemnation — instruction on damages

In highway condemnation proceedings under G.S. Ch. 136, trial court's

instruction that jury could answer the issue of landowners' damages "nothing" *is held* error when all of the evidence introduced by the Highway Commission and the defendants showed that defendants' property had been substantially damaged by the taking and there was no evidence that the property received any benefits from the taking.

**5. Eminent Domain § 5—    general and special benefits — burden of proof**

   The burden is on the condemnor to prove the existence of general and special benefits as actual and appreciable, not merely conjectural or hypothetical.

APPEAL by defendants from *Beal, S.J.,* at the 11 December 1967 Civil Session of BUNCOMBE Superior Court.

This is a condemnation case in which the sole issue at the trial was the amount due the defendants as compensation for the taking of their property by the State Highway Commission, pursuant to the provisions of Chapter 136 of the General Statutes. The complaint, declaration of taking and notice of deposit were filed 17 August 1964.

The pleadings and evidence showed the following: Defendants Thomas were the owners of a parcel of business property located on the south side of Haywood Road in the city of Asheville, and more particularly in the business section of the community known as West Asheville. The property contained a frontage of 130.88 feet on Haywood Road, and in the northwestern corner the owners had constructed a two-story business building containing approximately 8320 feet of floor space on both floors, the building fronting 64.5 feet on Haywood Road. The remainder of the land had been paved and used as a parking lot for the use of occupants and patrons of the building. Defendants Keener and Bennett were lessees of portions of the building. The first floor was occupied by a clothing store and a drug store while the upper floor was rented to two doctors, a dentist, and a beautician. Among other business establishments, filling stations, a food store, a cafe, an ice company, and a cleaning firm were adjacent to Haywood Road in the area.

This action arises out of condemnation of the entire parking lot of the defendants for use as a ramp leading to Interstate 40, which was being constructed to cross Haywood Road at this point.

Defendants offered opinion testimony of the net damage ranging from $56,000 to $82,000. Plaintiff's evidence as to damage varied from $18,500 to $21,000. In the testimony, defendants emphasized the practical necessity of off-street parking in making the best use of the property.

Defendants appealed from a jury verdict of $32,500, assigning errors in the admission and exclusion of evidence and in the charge to the jury.

*Attorney General T. Wade Bruton, Deputy Attorney General Harrison Lewis and Assistant Attorney General Andrew McDaniel for the State.*

*Harold K. Bennett for defendant appellants.*

BRITT, J.

Defendants assign as error numerous portions of the trial judge's charge to the jury, including the following:

> "Now, gentlemen of the jury, all the landowners claim is that their property shall not be taken for public use without just compensation. Just compensation is had when the balance is struck between the damages, if any, suffered by the landowners."

[1, 2]   The amount of compensation due defendants for the taking of their property was the only question to be determined by the jury. It is elementary that under G.S. 1-180 the trial judge "shall declare and explain the law arising on the evidence given in the case." The court must give sufficiently definite instructions on the issue of damages to guide the jury to an intelligent determination of the issue. 7 Strong, N. C. Index 2d, Trial, § 33, citing *Adams v. Service Co.*, 237 N.C. 136, 74 S.E. 2d 332, and *Kee v. Dillingham*, 229 N.C. 262, 49 S.E. 2d 510. The purposes of the court's charge to the jury are the clarification of the issues, the elimination of extraneous matters, and the declaration and explanation of the law arising on the evidence in the case. *Fish Co. v. Snowden*, 233 N.C. 269, 63 S.E. 2d 557.

[3]   The evidence in the instant case was very conflicting. Defendants offered twelve witnesses who gave their opinions as to the damage done to the property by the taking; many of the witnesses went into minute detail as to how they arrived at their opinions, and all of the witnesses were cross-examined at length. Their testimony tended to show that defendants suffered damage to the extent of at least $56,000. Plaintiff offered four witnesses who gave their opinions as to the damage, and they were subjected to lengthy cross-examination. The lowest estimate of damage by a plaintiff's witness was $18,500.

With all of the lengthy and conflicting testimony before them, it can be assumed that the jury was listening very intently to the judge's charge "to guide the jury to an intelligent determination of

the issue." How did the jury interpret the trial judge's words "[j]ust compensation is had when the balance is struck between the damages, if any, suffered by the landowners"? Did the jury interpret this to mean that it should "strike a balance" between the lowest figure given by plaintiff's witnesses and the highest figure given by defendants' witnesses? Or, did the term "strike a balance" hold some other meaning for the jury? Of course, we cannot answer these or other questions that might have arisen in the minds of the jury as the result of this instruction. We hold that the instruction was error and that it was prejudicial to the defendants.

[4]    Immediately following the portion of the charge above-quoted, the trial judge instructed the jury to determine the fair market value of the entire tract of land, immediately before the taking and immediately after the taking. He then charged:

> "The difference in these two figures will be your answer to the issue. It may be nothing or it may be any amount that you, the jury, find to be just and correct, according to the rules which the Court has laid down for your guidance."

A little later in the charge, he instructed as follows:

> "After you have arrived at a fair market value of the entire tract immediately before and prior to the time of taking, and the fair market value of the remainder of the tract after the taking, under the rules of law which the Court has given to you, and there is no difference, if you should find that there is no difference in the two values, you would answer the issue submitted to you: nothing or none. Should you find that the fair market value of the remaining property has not been diminished or damaged, why then, of course, you would not arrive at any or assess any damage to that particular portion of the property."

Defendants assert that both of said portions of the charge were erroneous, contending that the trial judge erred in charging that the jury could answer the issue "nothing" when all of the evidence introduced by plaintiff and defendants showed that defendants' property had been damaged substantially by the taking, and there was no evidence that the property received any benefits from the taking.

[5]    The burden is on the condemnor to prove the existence of general and special benefits as actual and appreciable, not merely conjectural or hypothetical. 3 Strong, N. C. Index 2d, Eminent Domain, § 5, citing *Kirkman v. Highway Commission*, 257 N.C. 428, 126 S.E. 2d 107. The assignments of error are well taken. The last two portions of the charge quoted were particularly objectionable when con-

sidered along with the first portion quoted and, no doubt, tended to confuse the jury even more.

We refrain from discussing the other questions raised in defendants' brief, as they may not recur upon a retrial of this action.

New trial.

CAMPBELL and MORRIS, JJ., concur.