Wilkinson v. Investment Co.

TORRENCE B. WILKINSON v. CHARLES INVESTMENT COMPANY, AUBREY ELAM AND DARRELL SETLIFF

No. 7926SC731

(Filed 5 August 1980)

1. **Waters and Watercourses § 1.2– siltation of pond – instructions on damages**

    In an action to recover damages for siltation of plaintiff's pond allegedly caused by construction performed on defendants' adjoining land, the trial court erred in instructing the jury that plaintiff's damages could be "none" or could be "in such amount as you find by the greater weight of the evidence that plaintiff is entitled to receive."

2. **Waters and Watercourses § 1.3– alteration of flow of surface waters – siltation of pond – right to damages**

    Where there was evidence that defendants altered the flow of surface water on their land so that it flowed into plaintiff's pond and caused siltation in the pond which reduced the value of plaintiff's land by $12,500, the jury could properly find that defendants' interference with plaintiff's use and enjoyment of his property was greater than it was reasonable to require plaintiff to bear without compensation. ·

APPEAL by defendants from *Friday, Judge.* Judgment entered 12 April 1979 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 26 February 1980.

Plaintiff and defendants are adjoining landowners. In 1975, plaintiff instituted this action alleging defendants had certain construction performed on their land which had caused silt to drain into plaintiff's pond. Plaintiff testified that in his opinion the fair market value of his property before the siltation was $45,000.00 and the fair market value after the siltation was $32,500.00. Defendants offered evidence that the value of plaintiff's property had been enhanced by the construction on defendants' property. The jury awarded the plaintiff $25,000.00 in damages which the court reduced to $12,500.00.

The defendants appealed.

*Childers, Fowler and Whitt, by Max L. Childers, for plaintiff appellee.*

---

---

*Fleming, Robinson, Bradshaw and Hinson, by Richard A. Vinroot, for defendant appellants.*

WEBB, Judge.

[1] The defendants' first assignment of error pertains to the charge. The court correctly charged the jury as to how to determine damages and then concluded with the following statement:

> "It [plaintiff's damages] may be none, or it may be in such amount as you find by the greater weight of the evidence that the plaintiff is entitled to receive and recover at this issue ... ."

The defendants contend this statement was misleading in that the jury was not limited to $12,500.00 in awarding damages, this being all the damages to which the evidence showed the plaintiff was entitled. The defendants argue that the jury showed they were confused by this charge when they awarded $25,000.00 in damages.

The defendants rely on *Highway Comm. v. Thomas*, 2 N.C. App. 679, 163 S.E. 2d 649 (1968). In that case the court charged the jury as follows:

> "The difference in these two figures will be your answer to the issue. It may be nothing or it may be any amount that you, the jury, find to be just and correct, according to the rules which the Court has laid down for your guidance."

This Court in *Thomas* held this part, as well as other parts, of the charge to be in error. It said this part of the charge was "particularly objectionable when considered" with other portions of the charge. If the case sub judice were a case of first impression we might hold that read in context with the rest of the charge that it was not error. We believe we are bound by the holding in *Thomas*. We can find no real distinction between the quoted portions of the charge in that case and this one. Under our system of *stare decisis*, we hold we are bound by the decision in *Highway Comm. v. Thomas, supra*. The court committed error in the charge.

[2] We also discuss one other assignment of error of the defendants. Defendants contend that under the holding of *Pendergrast v. Aiken*, 293 N.C. 201, 236 S.E. 2d 787 (1977) the claim of the plaintiff should be dismissed. The defendants contend this is so because there was no evidence that the defendants' interference with the flow of water onto the plaintiff's land was unreasonable. In *Pendergrast*, our Supreme Court adopted the rule of reasonable use with respect to surface water drainage. It stated the rule as follows:

> Each possessor is legally privileged to make a reasonable use of his land, even though the flow of surface water is altered thereby and causes some harm to others, but liability is incurred when his harmful interference with the flow of surface waters is unreasonable and causes substantial damage.

In defining reasonableness the Court said:

> Reasonableness is a question of fact to be determined in each case by weighing the gravity of the harm to the plaintiff against the utility of the conduct of the defendant .... . Determination of the gravity of the harm involves consideration of the extent and character of the harm to the plaintiff, the social value which the law attaches to the type of use which is invaded, the suitability of the locality for that use, the burden on plaintiff to minimize the harm, and other relevant considerations arising upon the evidence. Determination of the utility of the conduct of the defendant involves consideration of the purpose of the defendant's conduct, the social value which the law attaches to that purpose, the suitability of the locality for the use defendant makes of the property, and other relevant considerations arising upon the evidence .... .

> We emphasize that, even should alteration of the water flow by the defendant be "reasonable" in the sense that the social utility arising from the alteration outweighs the harm to the plaintiff, defendant may nevertheless be liable for damages for a private nuisance "if the resulting interference with another's use and enjoyment of land is

greater than it is reasonable to require the other to bear under the circumstances without compensation."

There was evidence in the case sub judice that defendants altered the flow of surface water on their land so that it flowed into the plaintiff's pond causing siltation in the pond which reduced the value of the plaintiff's land by $12,500.00. We hold that from this evidence the jury could find that although the defendants had properly utilized their land it was unreasonable to require the plaintiff to bear this burden without compensation.

For reasons stated in this opinion, there must be a new trial.

New Trial

Judges ARNOLD and WELLS concur.