0417

Terry M. ROBERTS, d/b/a Carolina Rock Services, Respondent,
v. SHERIFF CONSTRUCTION COMPANY, INC., Appellant.

(328 S. E. (2d) 123)

Court of Appeals

*James M. Allison* of *Mauldin, Allison & Williams*, Greenville, *for appellant.*

*Stuart G. Anderson, Jr.,* of *Anderson & Fayssoux*, Greenville, *for respondent.*

Submitted Jan. 22, 1985.

Decided March 13, 1985.

SANDERS, Chief Judge:

Subcontractor Terry M. Roberts, d/b/a Carolina Rock Services, sued general contractor Sheriff Construction Company, Inc., for breach of contract. Carolina Rock alleged that Sheriff Construction failed to pay it for services performed on a certain construction project. Sheriff Construction answered and counterclaimed, alleging Carolina Rock had breached the contract by refusing to perform, thus forcing Sheriff Construction to complete the job itself, with the assistance of other hired subcontractors. The trial judge, sitting without a jury, rendered judgment for Roberts. Sheriff Construction appeals. We affirm but modify the amount of judgment.

It is undisputed that Sheriff Construction was general contractor for Parker Lakeside Project in Greenville, South Carolina, part of which entailed the placement of sewer pipe.

According to a written contract, Sheriff Construction engaged Carolina Rock to drill and blast trench rock on the project for $13.50 per cubic yard, ". . . all monies to be paid by monthly estimates except for weekly payrolls, which will be advanced weekly and then deducted from monthly estimates." Monthly estimates were required because the amount of rock drilled and blasted could not be known until Sheriff Construction, prior to placing the pipe, excavated the displaced rock and measured it.

Terry Roberts testified that Carolina Rock began drilling in May 1979. It pulled off the job in November 1979 because Sheriff Construction had advanced only weekly salaries and had not paid any monthly estimates. Roberts further testified that Carolina Rock had drilled and blasted 1,773.8 cubic yards of rock which, at $13.50 per cubic yard, would come to a total of $23,946.30 owed by Sheriff Construction. He went on to testify that Sheriff Construction had paid Carolina Rock $13,050.00 in weekly salaries and $3,018.96 for explosives. Based on these figures, Roberts calculated that Sheriff Construction owed Carolina Rock $7,878.30.

The general office manager and payroll clerk for Sheriff Construction testified that the company paid Carolina Rock $16,512.50 in salaries, including employer contributions, FICA and worker's compensation insurance. This sum was reflected in payroll records which were introduced into evidence.

During his testimony, Leonard Sheriff of Sheriff Construction conceded Carolina Rock was never paid any monthly estimates. He testified that Carolina Rock had breached their contract by refusing to return to the job, forcing Sheriff Construction to complete it and engage another subcontractor to drill and blast a particularly congested area at the cost of $29.00 per cubic yard. Sheriff further testified that Carolina Rock had failed to perform in a workmanlike manner because the ditch for the sewer pipe was not the proper depth.

Roberts countered the allegations concerning the depth of the ditch by testifying that if any drilling and blasting had been too shallow, it was because Sheriff Construction had not provided the customary "cut sheets" which indicate to the blaster the depth required. Roberts acknowledged on cross-examination that he agreed to proceed without cut sheets.

However, he also testified he had expressed concern about not having cut sheets and proceeded without them because he was told to do so by Sheriff Construction. Sheriff Construction's own project manager conceded on cross-examination that the right of way had not been cleared, graded or prepared for Carolina Rock, and such topographical changes can affect the depth of drilling and blasting necessary.

The trial judge found for Carolina Rock on its claim, deducting the $13,050.00 payroll advance from the total of $23,946.30 owed, for a judgment of $10,896.30. Concerning Sheriff Construction's counterclaim, the trial judge found "... no evidence which convinces me that the quality of work performed was below standard." He further found that if the ditch was not blasted the proper depth, it was due to possible topographical changes and Sheriff Construction's failure to provide cut sheets. He dismissed the counterclaim on the ground that "... there is no evidence which convinces me that [Sheriff Construction] should be allowed to recover on [its] Counterclaim."

In an action at law tried by a judge alone, findings of fact will not be disturbed on appeal unless found to be without evidence reasonably supporting them. *Townes Associates, Ltd. v. City of Greenville*, 266 S. C. 81, 221 S. E. (2d) 773 (1976). In other words, unless the evidence is susceptible of only the opposite conclusion, the judge's findings of fact must be accepted by the appellate court. *Evatt v. Campbell*, 234 S. C. 1, 106 S. E. (2d) 447 (1959).

Where each party to a contract charges the other with breaching it and offers evidence in support of his contention, the issue is one for the trier of fact. *Retailer's Service Bureau v. Smith*, 165 S. C. 238, 163 S. E. (2d) 649 (1932).

In the present case, both Sheriff Construction and Carolina Rock claim the other breached the contract. Sheriff Construction argues the trial judge disregarded evidence of breach by Carolina Rock. However, evidence that Sheriff Construction failed to pay monthly estimates reasonably supports the judge's finding that it breached the contract. Likewise, the evidence concerning the need for cut sheets and the possible effect of topographical changes reasonably supports his dismissal of Sheriff Construction's counterclaim.

Lastly, Sheriff Construction argues the trial judge erred in the amount of the judgment because he gave no

credit for the $3,018.00 it paid Carolina Rock for explosives. Carolina Rock argues, apparently for the first time on appeal, that the payment for explosives was an "extra charge" to which it was entitled in addition to the contract price. The contract contains the following language as to charges over the price agreed upon:

> Any alteration or deviation from the above specifications involving extra cost of material or labor will only be executed upon written orders for same, and will become an extra charge over the sum mentioned in this contract. All agreements must be in writing.

Aside from the fact that Carolina Rock's argument on this issue was not presented at trial there was no finding by the trial judge that the payment was an "extra charge." Neither is there evidence in the record which would support such a finding. Nor is there evidence that there was the required written agreement for a charge over the contract price.

The measure of damages for breach of contract is the loss actually suffered as the result of the breach. *South Carolina Finance Corporation of Anderson v. West Side Finance Company*, 236 S. C. 109, 113 S. E. (2d) 329 (1960). Carolina Rock is bound by Roberts' testimony acknowledging receipt of the payment for explosives. *See Crider v. Infinger Transportation Company*, 248 S. C. 10, 148 S. E. (2d) 732 (1966) (generally, a party is concluded by his own testimony which is favorable to the adverse party). Therefore, we conclude the trial judge erred in calculating the amount of judgment. A total of $23,946.30 was owed Carolina Rock for the work it performed. Sheriff Construction paid it $13,050.00 in salaries and $3,018.96 for explosives leaving a balance of $7,877.34.

Accordingly, we affirm the order of the trial judge but reduce the amount of judgment to $7,877.34.

Affirmed as modified.

GARDNER and BELL, JJ., concur.