JAMES DOW HARRIS v. LINDA TONKEL HARRIS

No. 8112DC893

(Filed 20 July 1982)

1. **Divorce and Alimony § 16.4; Husband and Wife § 11.1— breach of separation agreement—right to bring alimony action**

   Where a separation agreement waived the wife's right to alimony but gave her the right to sue for alimony, damages or other relief upon the husband's breach of any provision of the agreement, the husband's failure to make child support payments as provided for in the agreement gave the wife the right to bring an action for alimony even though the agreement was fully executed regarding property rights. G.S. 50-16.6(b).

2. **Divorce and Alimony § 16.4; Husband and Wife § 11.1— enforcement of separation agreement—effect on right to bring alimony action—failure to offer restitution**

   Where a separation agreement gave the wife the right to sue for alimony, damages or other relief upon the husband's breach of any provision of the agreement, the wife's action to recover arrearages in child support required by the agreement did not prohibit the wife from thereafter bringing an action for alimony. Nor did the wife's failure to offer restitution bar her alimony action where the court found that the consideration given to her in exchange for the release of her marital rights was negligible.

3. **Divorce and Alimony § 16.1— indignities to wife—sufficiency of findings**

   Although the evidence was insufficient to support the court's finding that plaintiff husband lived with a woman after his separation from defendant, the

court's conclusion that plaintiff's conduct constituted indignities to the person of the defendant so as to render her condition intolerable and her life burdensome was supported by evidence and findings of plaintiff's announcement to defendant that he no longer loved her, followed by plaintiff's sudden abandonment of defendant in favor of another woman, the precipitous decline in defendant's lifestyle and standard of living, and plaintiff's remarriage.

**4. Divorce and Alimony § 16.8— alimony—time of dependency of wife**

Although the trial court should have clearly indicated in an alimony order that its findings as to the wife's dependency were based on the status of the parties at the time of the hearing, the failure to do so was not error in this case.

**5. Divorce and Alimony § 16.2; Rules of Civil Procedure § 13— counterclaim for alimony—governing statute**

Defendant's counterclaim for alimony pursuant to the provisions of a separation agreement did not have to meet the requirements of G.S. 50-16.8(b) but was governed by G.S. 1A-1, Rule 13.

**6. Divorce and Alimony § 16.8— alimony award—capability of earning more money—absence of prejudice**

Plaintiff husband was not prejudiced by the trial court's finding in an alimony order that he was capable of earning more money as an accountant than he earned from his salary with a hospital system where plaintiff failed to show that such finding was related to any conclusion or that it contributed to the award of alimony, and where the award was otherwise supported by the evidence and findings.

APPEAL by plaintiff from *Hair, Judge.* Judgment entered 9 February 1981 in District Court, CUMBERLAND County. Heard in the Court of Appeals 7 April 1982.

Plaintiff and defendant separated on 19 September 1979, and entered into a separation agreement dated 21 September 1979. Defendant released plaintiff from his marital support obligation, subject to a retained right to sue for alimony, damages, and other relief upon plaintiff's breach of any provision of the agreement. The two minor children of the marriage were placed in the custody of defendant, and plaintiff agreed to pay $1200 a month for their support. The couple's personal property was divided, defendant receiving an automobile. Plaintiff transferred to defendant all of his interest in the marital home, and half of his interest in a business known as Creative Furnishings and Gifts in Fayetteville.

Plaintiff, by his complaint dated 12 December 1979, stated that the provision of the separation agreement concerning visita-

tion rights was not a "workable solution" and that he was unable to pay the amount of child support called for in the agreement. He sought a determination of child custody and support.

Defendant counterclaimed for breach of contract, alleging that plaintiff had paid the full monthly child support only once since the execution of the separation agreement. She also alleged adultery, abandonment, and that plaintiff had subjected her to indignities rendering her condition intolerable and her life burdensome. She requested dismissal of the complaint and enforcement of the separation agreement, or in the alternative, an award of alimony, child support and attorney's fees. A reply was filed on 18 March 1980.

A judgment and order was entered continuing custody of the children with defendant, including a judgment of $4,125 against plaintiff for arrearages. Plaintiff was ordered to pay child support and make rental payments. Defendant was awarded attorney's fees but was denied alimony.

Plaintiff filed a motion to modify the judgment of 1 April in December 1980 because of changed circumstances. He failed to pay child support and defendant filed a motion for a contempt order on 7 January 1981. The court filed an order to show cause, and a hearing on both motions was conducted on 4 February 1981.

In a judgment filed 5 March 1981, the trial judge concluded that plaintiff had breached the separation agreement, that the agreement was not a bar to the permanent alimony sought by defendant, and that plaintiff's conduct constituted indignities to defendant rendering her condition intolerable and her life burdensome. He ordered plaintiff to pay $400 per month in child support and $300 monthly in permanent alimony. Plaintiff appeals, bringing forth ten assignments of error.

*Barrington, Jones, Witcover and Armstrong, by Henry W. Witcover, for plaintiff appellant.*

*McLeod and Senter, by Joe McLeod, for defendant appellee.*

MORRIS, Chief Judge.

[1] Plaintiff, by his first and second assignments, contends that the trial judge erred in ordering an award of alimony. He argues

that the separation agreement was fully executed regarding property rights, and contained a waiver of the property right of alimony; and that there was no allegation or evidence of fraud, mistake, duress, illegality or undue influence in the execution of the agreement, and no rescission or restitution. Plaintiff maintains that defendant must have rescinded the separation agreement and made restitution of the benefits she gained thereunder before she could have sued for alimony, and that his failure to make child support payments as provided for in the agreement should not have given defendant a right of action for alimony. He refers generously to case law to support his position. In the cases cited, however, the husband was shown to have fully performed his part of the contract of separation. In view of paragraph 19 of the separation agreement providing for a right to sue for alimony upon the husband's breach of any provision of the agreement, we must hold that defendant was put to her election as to what relief she would seek upon plaintiff's failure to perform. Paragraph 19 reads:

> *Breach. If the Husband breaches any provision of this agreement,* the Wife shall have the right, at her election, to sue for damages for such breach, rescind this agreement, and maintain an action for separation or *alimony pendente lite or permanent,* or seek other remedies or relief as may be available to her.

(Emphasis added.) Plaintiff's well-researched argument ignores this specific provision. Furthermore, G.S. 50-16.6(b) states:

> Alimony, alimony pendente lite, and counsel fees may be barred by an express provision of a valid separation agreement so long as the agreement is performed.

The separation agreement does not separate the property settlement provisions (paragraphs 3-8 and 13) from paragraph 16 dealing with child support to the extent that a breach is removed from the consequences of paragraph 19. We are, moreover, advertent to the rule that questions of support and custody may not be finally determined by an agreement between the parties, but that they remain matters for the court, *Hinkle v. Hinkle,* 266 N.C. 189, 146 S.E. 2d 73 (1966); but we decline to hold that the court's continued involvement in the promotion of the children's welfare removes a breach of the agreement regarding child sup-

port as it was written or could be modified by the court, from the effect of paragraph 19. The language of the agreement is plain, and the court upon finding a breach, did not commit error in awarding alimony to defendant when so requested, pursuant to the rights reserved in the agreement. Plaintiff's first two assignments are overruled.

[2] Plaintiff next argues that the trial judge erred in failing to rule that without rescission and restitution, the agreement barred the claim for alimony, and that defendant made her election of remedies when she ratified the agreement by seeking enforcement of the agreement. Enforcement of the contract and alimony are available options under both the agreement and the case law. See *Wilson v. Wilson*, 261 N.C. 40, 134 S.E. 2d 240 (1964). We do not find a conflict between the award of a money judgment on 1 April 1980, and the award of alimony on 9 February 1981. The judgment rendered in April for nonperformance of plaintiff's obligation was a debt, *id.*, representing his obligation up to that time. The effect of the order of 9 February granting alimony was to rescind the agreement, but it did not erase the debt arising on the obligation of child support and accruing under the terms of the contract up to that time. Defendant is, indeed, only "entitled to such an award as would be proper if no contract had been signed. If there has been a partial performance, she must account for the net benefits, *if any*, which she may have received." (Emphasis added.) *Id.* at 47, 134 S.E. 2d at 245. There is evidence tending to show that the consideration given defendant in exchange for the release of her marital rights was negligible, and the judge made findings to that effect. Defendant's award of alimony is, therefore, not barred by her failure to offer restitution, there being no property or benefit for her to return.

Plaintiff, by his fourth assignment, contends that the court erred in finding that the separation agreement was designed to provide for the substantial needs of defendant and two minor children, and was designated child support when the agreement specifically provided the contrary. There is no merit in this contention. The separation agreement was designed to provide for the needs of the family, and no argument may realistically be made otherwise. We apprehend that the finding to which plaintiff objects may suffer from error in syntax, but nothing more.

[3]　Plaintiff next argues that the trial judge erred in finding that he lived with a woman subsequent to the separation of the parties and the execution of a separation agreement, and subsequent to the court's judgment of 1 March 1980. He also maintains, by this, his fifth assignment of error, that the judge erred by finding that his conduct constituted indignities to defendant. He states that the court wrongly based its award of alimony on these findings. The judge found

> 9. That prior to the separation of the parties on or about August or September of 1979, the plaintiff returned home one day and told the defendant, his wife, that he had fallen in love with his secretary, one Beverly Glenn;
>
> He told her he did not love her any more;
>
> That as a result of the plaintiff's conduct they entered into Separation Agreement;
>
> That since the separation of the parties in 1979, and subsequent to the Judgment of March of 1980, the plaintiff did live with Beverly Glenn; that he was divorced from the defendant on October 27, 1980; that he married Beverly Glenn on October 27, 1980.

We agree that the court committed error in that there is no evidence in the record tending to show that plaintiff lived with a woman, and the announcement by plaintiff to defendant that he "did not love her any more" did not *alone* amount to such conduct as would render defendant's life burdensome. See *Traywick v. Traywick*, 28 N.C. App. 291, 221 S.E. 2d 85 (1976). This mistake was not prejudicial to plaintiff, however, as the evidence of plaintiff's announcement, followed by the sudden abandonment of his wife in favor of Beverly Glenn, the precipitous decline in defendant's lifestyle and standard of living, and plaintiff's remarriage would support the court's conclusion.

[4]　Plaintiff asserts that the court erred by making an award of alimony without making conclusions of law supported by findings of fact based in turn on the evidence, that defendant at the time of the hearing was a dependent spouse or plaintiff a supporting spouse. On the contrary, there is testimony in the record by defendant that she "had problems making ends meet." It is also

clear that a marital relationship existed, and that plaintiff is capable of making the payments required. See G.S. 50-16.1(3), (4) and G.S. 50-16.5(a). Although the court should have clearly indicated that its findings were based on the status of the parties at the time of the hearing on 9 February, we hold that the failure to do so was not error, as the judgment, read as a whole, makes it clear that defendant's dependent circumstances and the needs of her unemancipated child were as they were upon the signing of the separation agreement. The assignment is overruled.

[5]    It is contended in plaintiff's seventh assignment that error was committed by the trial court's award of alimony pursuant to a counterclaim which failed to meet the requirements of G.S. 50-16.8(b). G.S. 50-16.8(a) and (b) state:

> (a) The procedure in actions for alimony and actions for alimony pendente lite shall be as in other civil actions except as provided in this section and in G.S. 50-19.

> (b) Payment of alimony may be ordered:

>> (1) Upon application of the dependent spouse in an action by such spouse for divorce, either absolute or from bed and board; or

>> (2) Upon application of the dependent spouse in a separate action instituted for the purpose of securing an order for alimony without divorce; or

>> (3) Upon application of the dependent spouse as a cross action in a suit for divorce, whether absolute or from bed and board, or a proceeding for alimony without divorce, instituted by the other spouse.

The statute obviously does not apply to the facts at hand. Rule 13 of the North Carolina Rules of Civil Procedure is the applicable statute, and defendant's counterclaim based on the separation agreement was in compliance with it. The requirement that the order granting alimony contain as a conclusion one of the ten grounds of G.S. 50-16.2, *Steele v. Steele*, 36 N.C. App. 601, 244 S.E. 2d 466 (1978), is fulfilled as well. We have already said that the judge's conclusion that "the conduct on the part of the plaintiff with one Beverly Glenn constituted indignities to the person of the defendant so as to render her condition intolerable and life

burdensome," though perhaps based in part on the erroneous finding that he lived with Beverly Glenn before marrying her, does not mean that the conclusion is otherwise unsupported.

Plaintiff contends that the trial judge erred in finding that "defendant has needs for herself in excess of $700.00 per month" when there was no evidence of her separate needs, only evidence of a consolidated amount for her and a minor child. This argument is specious in light of the record's indication that defendant presented a revised budget setting out the needs of defendant. We overrule this assignment.

[6] Plaintiff contends that the court erred in finding that he was capable of earning more money as an accountant than he earned from his salary with the Cumberland Hospital System, arguing that the record is devoid of any evidence thereof. Yet plaintiff testified "I have the ability to prepare tax returns, if I wanted to . . . ," and that he closed a tax service in which he owned a one-half interest, "just agreeing that it would cease doing business." Whether this evidence supports the finding that plaintiff was capable of earning money in excess of the amount of his salary we need not determine. Plaintiff refers to the finding as a gratuitous personal opinion of the judge. Whether the judge should have made a specific finding regarding willful disregard of marital obligation is unimportant, as the alimony award is otherwise supported by the evidence and plaintiff has failed to show that this finding is related to any conclusion or that it contributed to the award of alimony, which was otherwise supported by the evidence and findings.

Plaintiff, by his final assignment, contends that the court erred by questioning defendant about her co-ownership with Alonzo Parrish, plaintiff's former business associate, of a business which was closed. The questioning was relevant to the matter of earnings and property. The judge's comments regarding the situation were not prejudicial.

In the findings and conclusions made thereon, we find no prejudicial error. The judgment is

Affirmed.

Judges CLARK and MARTIN (Harry C.) concur.