PATRICK WALLACE CATOR v. DOLORES JEAN PETTET CATOR

No. 8329DC1169

(Filed 16 October 1984)

1. **Divorce and Alimony § 21.6— separation agreement—acceptance of late payments not a waiver of nonpayment**

  A wife's acceptance of late payments in some months does not waive her right, under the terms of the separation agreement, to bring an action for alimony based on nonpayment in other months.

2. **Divorce and Alimony § 21.6— separation agreement—material breach not found**

  When a husband's failure to make alimony payments occurred simultaneously with hearings on a motion for summary judgment, and where the husband performed intermittently during that time and there was no evidence that he was attempting to avoid his obligation, there was not a substantial failure to perform amounting to a material breach of the separation agreement. The alimony provision of the agreement was carried out and the separation agreement was still binding.

APPEAL by defendant from *Guice, Judge.* Judgment entered 7 July 1983 in District Court, HENDERSON County. Heard in the Court of Appeals 29 August 1984.

*Blanchard & Thompson, by Thomas D. Thompson, for plaintiff appellee Patrick Wallace Cator.*

*James H. Toms, P.A., by James H. Toms, for defendant appellant Dolores Jean Pettet Cator.*

BECTON, Judge.

This case involves the binding effect of a separation agreement, in light of late alimony payments and nonpayments. On 10 April 1981, the plaintiff husband, Patrick Wallace Cator, and the defendant wife, Dolores Jean Pettet Cator, entered into a separation agreement. The Equitable Distribution Act (the Act), as codified at N.C. Gen. Stat. Sec. 50-20 (Supp. 1983), was thereafter

enacted. The Act applies to all actions for absolute divorce instituted on or after 1 October 1981. The husband filed an action for absolute divorce on 20 April 1982. However, the Act does not purport to modify existing separation agreements. It provides:

> Before, during or after marriage the parties may by written agreement, duly executed and acknowledged in accordance with the provisions of G.S. 52-10 and 52-10.1, or by a written agreement valid in the jurisdiction where executed, provide for distribution of the marital property in a manner deemed by the parties to be equitable and the agreement shall be binding on the parties.

G.S. Sec. 50-20(d) (Supp. 1983).

In June 1982, the husband amended his Complaint to ask the trial court to incorporate the April 1981 separation agreement by reference into the divorce judgment. The wife, in her Answer, denied that the separation agreement was a complete settlement of the parties' marital obligations and property; she counterclaimed for temporary and permanent alimony, equitable distribution of the parties' property and attorney's fees. On 22 July 1982, the trial court granted the parties an absolute divorce but did not rule on the wife's counterclaim. The separation agreement was not incorporated by reference into the divorce judgment. On 1 December 1982 the husband moved for summary judgment on the wife's counterclaim, asserting the separation agreement in bar. At the hearings on the motion in March and June 1983, the wife argued, as a separate ground, that the husband's breach of the separation agreement entitled her to bring an action for alimony. The husband failed to make three of the six monthly alimony payments due under the terms of the separation agreement between January and June 1983.

From summary judgment in favor of the husband, the wife appeals.

I

The wife contends that the trial court erred in concluding that (1) the wife waived her right to bring an action for breach of the separation agreement by previously accepting late payments; (2) the husband had not failed to make alimony payments; (3) the

husband's actions did not constitute a material breach; and (4) the separation agreement was still binding on the parties.

Although the record does not support some of the trial court's findings, we, nevertheless, affirm summary judgment in favor of the husband for the reasons stated below, especially since the trial court was not required to make findings on the summary judgment motion.

II

WAIVER AND NONPAYMENT

[1] Under the terms of the April 1981 separation agreement, the husband agreed to pay the wife $200 per month in alimony "on or before the 5th day of each month . . ." The husband made all payments due until January 1983. Some of the payments were up to two weeks late, but the wife accepted them. From the parties' testimony at the hearings on the motion for summary judgment held in March and June 1983, it is uncontroverted that the husband did not make the January, March and June 1983 payments.

At summary judgment the trial court concluded that, by routinely accepting late alimony payments, the wife had waived her right to bring an action for alimony, based on a breach of the separation agreement. The trial court found as fact that the husband had made all the required monthly alimony payments, albeit late. However, as indicated, the record, including the parties' testimony, does not support the finding that the husband made *all* the payments. Since a trial court need not make findings of fact in deciding a motion for summary judgment, we may disregard them on appeal. *Mosley v. Nat'l Finance Co.*, 36 N.C. App. 109, 243 S.E. 2d 145, *disc. rev. denied*, 295 N.C. 467, 246 S.E. 2d 9 (1978).

The doctrine of waiver applies to separation agreements. *Wheeler v. Wheeler*, 299 N.C. 633, 263 S.E. 2d 763 (1980). Under the terms of the separation agreement,

> if the said Husband fails to make the monthly payments of alimony as herein specified, . . . the said Wife shall have a right to bring an action against him for alimony and any income he has including his retirement income shall be subject to garnishment.

Arguably, the wife did waive her right to enforce the alimony provision requiring payment "on or before the 5th day of each month," when she often accepted payments up to two weeks late. However, there is a distinction to be drawn between late payment and nonpayment; each represents a breach of a separate contractual obligation. A waiver of the exact time of performance does not excuse the performance itself. We conclude that the wife's acceptance of late payments does not waive her right, under the terms of the agreement, to bring an action for alimony based on nonpayment.

The husband's reliance on *Wheeler* is misplaced. In *Wheeler* the husband paid alimony to his wife, although the wife only partially performed the child visitation provisions of their separation agreement. When the wife brought an action for back alimony, the husband attempted to assert her breach in defense. The *Wheeler* Court held that by continuing to accept his wife's partial performance, and continuing to perform his alimony obligation over a period of time, the husband had waived his right to assert his wife's breach.

The wife, in the case *sub judice*, did not continue to accept the husband's partial performance of the monthly payment obligation. After the husband first failed to pay in January 1983, she did not cash any of the subsequent checks.

The wife did not waive her right to bring an action for alimony, based on a breach of the separation agreement.

### III

### MATERIAL BREACH

[2] The wife's right to rescind the alimony provision of the separation agreement and bring an action for alimony is governed by the law of contracts, *Rose v. Rose*, 66 N.C. App. 161, 310 S.E. 2d 626 (1984), which does not generally require strict performance. We recognize the equitable doctrine of substantial performance, allowing a party to recover on a contract although she has not literally complied with its provisions. *Black v. Clark*, 36 N.C. App. 191, 243 S.E. 2d 808 (1978); *see* 17 Am. Jur. 2d *Contracts* Secs. 375-78 (1964). By the same token, rescission of a separation agreement requires proof of a material breach—a substantial failure to perform. *Wilson v. Wilson*, 261 N.C. 40, 134 S.E. 2d 240

(1964); 17 Am. Jur. 2d *Contracts* Sec. 504 (1964). We conclude that the wife has failed to show a material breach.

The wife relies on *Harris v. Harris*, 58 N.C. App. 314, 293 S.E. 2d 602 (1982) for the proposition that she need not prove a material breach. However, in *Harris*, the materiality of the breach was obvious. The Harris' separation agreement included a clause permitting the wife to rescind the agreement and maintain an action for alimony, if the husband breached any provision of the agreement. The husband made the full monthly child support payment only once in one and one-half years. This Court affirmed the trial court's conclusion that the husband's breach of the child support provision of the separation agreement entitled the wife to bring an action for alimony.

We turn to the provisions of the April 1981 separation agreement. Because a separation agreement is a contract, we apply the same rules used to interpret any other contract. *Lane v. Scarborough*, 284 N.C. 407, 200 S.E. 2d 622 (1973). When the agreement is in writing and unambiguous, its meaning and effect is a question of law for the court. *Id.* In the fifth paragraph, the separation agreement expressly grants the wife the right to bring an action for alimony "if the . . . Husband fails to make the monthly payments of alimony as herein specified. . . ." Therefore, the alimony provision could be rescinded independently of the rest of the agreement, which provided for the distribution of real and personal property, payment of medical, dental and hospital bills and charge accounts.

We must determine whether there has been a substantial failure to perform or a mere lapse of performance with regard to the alimony provision. *See* 1 A. Lindey, *Separation Agreements and Ante-Nuptial Contracts* Sec. 25, at 25-12 (1984) (hereinafter cited as Lindey). Husband made all payments from May 1981 until January 1983. The first nonpayment occurred after he had moved for summary judgment on the wife's counterclaim, alleging that the separation agreement was invalid. As of the first hearing on the summary judgment motion in March 1983, the husband was one month in default. His February, April and May payments show a continued willingness to perform. *See* 1A Lindey, *supra.* The wife did not cash those checks; as a result, the husband stopped payment on them, but kept the money in his account.

There is no evidence that the husband is attempting to avoid his obligation. When asked at the June hearing why he did not make the June payment, the husband replied,

> Because I had three outstanding checks that had not been cashed and I had went ahead and stopped payment on them.

> We do not know whether or not . . . we're down here to find out whether I owe any money or not. If there is no contract, I don't owe any money. If there is, then, yes, I owe her money, and that's what we're trying to decide.

Considering that husband's breaches occurred simultaneously with the hearings on the motion for summary judgment and that husband performed intermittently during that time, we find no substantial failure to perform. Since the wife has not proven a material breach, the alimony provision of the separation agreement remains in effect.

## IV

### BINDING EFFECT OF SEPARATION AGREEMENT

The trial court concluded that the separation agreement was a "final and complete settlement of the property and marital interest" between the parties, binding upon the wife.

On appeal, the wife argues that the agreement is no longer binding on her because of the husband's failure to pay alimony. According to the wife, paragraph 12 of the agreement entitles her to bring an action for alimony. Paragraph 12 reads, in pertinent part, as follows:

> [E]ach party hereto except for the matters and things herein mentioned hereby waives his or her right over any property or income of the other . . . provided the provisions of this agreement are carried out.

For the reasons stated in III, *supra*, we conclude that the alimony provision of the separation agreement, the only contested provision, has been carried out. Therefore, the separation agreement is still binding on the parties.

Affirmed.

Judges HILL and BRASWELL concur.